UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

FILED

2009 JUL 31  P 1:41

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| GLOBAL POLICY PARTNERS, LLC<br>1701 Pennsylvania Avenue, NW<br>Suite 300<br>Washington, DC 20006,<br><br>and<br><br>KATHERINE FRIESS YESSIN<br>1616 North Rhodes Street<br>Arlington, VA 22209,<br><br>       Plaintiffs,<br><br>      v.<br><br>BRENT YESSIN<br>3215 Parkland Boulevard<br>Tampa, FL 33609,<br><br>and<br><br>DOE DEFENDANTS 1-10,<br><br>       Defendants. | Civil Action No. 1:09 cv 859<br>TSE/TRJ<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE CASE

Plaintiffs Global Policy Partners, LLC ("GPP") and Katherine Friess Yessin ("Ms. Friess Yessin") (collectively, "Plaintiffs") bring this action against Defendant Brent W. Yessin ("Defendant") and Doe Defendants 1-10 ("Does 1-10") (Defendant and Does 1-10 collectively, "Defendants") for multiple violations of Federal and State law arising from Defendants' unlawful electronic surveillance of Plaintiffs' computer and electronic email accounts and misappropriation of Plaintiffs' confidential and proprietary business information, personal

information, and privileged attorney-client communications.  In violation of Federal and State criminal law, Defendants conducted this unlawful surveillance and obtained privileged attorney-client communications in order to, *inter alia*, harm GPP and Ms. Friess Yessin and obtain an unfair advantage in the pending divorce proceedings between Ms. Friess Yessin and Defendant. Defendants' actions violate provisions of the Federal Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et. seq.*), Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. § 2511 *et. seq.*), Title II of the Electronic Communications Privacy Act (the "Stored Communications Act"), 18 U.SC. § 2701 *et seq.*, Virginia Code Ann. §§ 18.2-152.3; -152.4; -152.5, -152.12, and § 19.2-62 and -69, and the common law.

In support thereof, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises out of, *inter alia*, Defendants' repeated violations of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.*, Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2511 *et. seq*, and Title II of the Electronic Communications Privacy Act/the Stored Communications Act, 18 U.SC. § 2701 *et. seq*. This Court has Supplemental Jurisdiction over the Virginia statutory and common law claims pursuant to 28 U.S.C. § 1367.

2.       Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because, *inter alia*, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, including that unlawful surveillance and interception of communications occurred in this District in that these communications were sent and received from Ms. Friess Yessin's home office in this District by use of a GPP laptop that accessed the GPP computer system.  Certain of these communications were between Ms. Friess Yessin and her counsel while they were both in this District.  In addition, Defendant's illegal acts have harmed GPP and Ms. Friess Yessin in

this District.  GPP's network server is located in Arizona and, as such, communications made through the GPP system in this District are used in and affect interstate commerce.

3.       This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant has caused tortious injury and committed crimes in this District, including the unlawful surveillance and interception of communications that are the subject of this action. Certain of these communications that were intercepted and surveilled were sent between Ms. Friess Yessin and her counsel while they were both in this District.  The proprietary, financial and privileged information that were exchanged between Ms. Friess Yessin and her counsel were transmitted within this District, and such information is utilized by Ms. Friess Yessin in this District.  Defendant's illegal interception and use of this information has caused harm to Ms. Friess Yessin in this District.

4.       In addition, upon information and belief, Defendant regularly transacts business in this District, engages in a persistent course of conduct in this District, contracts to supply services in this District, and solicits business in this District.  Finally, Defendant continues to attempt to illegally surveill and intercept communications that originate from or are received in this District, including up to the date of the filing of this Complaint.

## PARTIES

5.       Plaintiff GPP is a Limited Liability Corporation, organized and existing under the laws of the State of Florida, with its principal place of business located at 1701 Pennsylvania Avenue, NW, Suite 300, Washington, DC 20006.

6.       Plaintiff Ms. Friess Yessin is an individual who resides in the Commonwealth of Virginia at 1616 North Rhodes Street, Arlington, VA 22209.

7.       Defendant is an individual who, upon information and belief, resides in the State of Florida at 3215 Parkland Boulevard, Tampa, FL 33609.

8.       Defendant Does 1-10 are individuals and legal entities whose addresses and/or States of organization are currently unknown to Plaintiffs.  Upon information and belief, Doe

Defendants 1-10 also were engaged in, and are responsible for, the illegal conduct alleged herein. Plaintiffs will move to amend this Complaint if and when they learn the identities of these Defendants. Until that time, Plaintiffs' specific allegations are directed at Defendant's unlawful conduct.

## FACTUAL BACKGROUND

9.        GPP is a full service government relations and business consulting firm. The only officers and principals of GPP, Ms. Friess Yessin and Jeffrey C. Weiss, are highly experienced consultants who have worked in international business and politics for decades. They bring a global network of contacts and strategic and tactical strategies to bear on behalf of their clients, including securing government contracts; finding partners and business opportunities in foreign markets for U.S. interests; arranging U.S. partners and market access for foreign entities; providing access to venture capital or other investment opportunities; providing government relations; creating and implementing full-scale communications plans; and a myriad of other services. GPP has particular strength in the areas of tax, international trade, technology, telecommunications, counter-terrorism, security, and defense.

10.        GPP operates under strict standards of client confidentiality, as security is paramount in these highly competitive business transactions and, particularly for the intelligence, defense, and security related projects – many of these clients operate under highly restricted, classified U.S. government contracts. This is not only for competitive reasons – when working on potential international contracts the environment is fraught with corporate and government espionage – but also for reasons of U.S. national security. As a result, GPP strictly protects and maintains the confidential and proprietary nature of its trade secrets, software, documents, communications, and services with passwords and other safeguards.

11.        The GPP computer system and/or network is a "facility through which an electronic communication service is provided" within the meaning of 18 USC § 2510 because it provides, to authorized users thereof, the ability to send or receive electronic communications.

12.     Ms. Friess Yessin is the Chief Executive Officer, a Manager, and a Principal of GPP. Mr. Weiss is the Chief Operating Officer, a Manager, and a Principal of GPP. Together, Ms. Friess Yessin and Mr. Weiss are the only officers and Principals of GPP. Ms. Friess Yessin and Mr. Weiss also are the majority owners and as 2 of the 3 Managers have majority control over GPP. As such, only Ms. Friess Yessin and Mr. Weiss have the authority to make decisions on behalf of GPP. Defendant has no control over GPP, he has no decision making authority, and he had no authority to authorize or engage in the criminal unlawful surveillance that is the subject of this Complaint.

13.     Ms. Friess Yessin uses a laptop computer supplied by GPP that she uses in her home in Arlington, Virginia and at GPP to email communications and documents of a confidential and proprietary nature to communicate with GPP's customers, business partners, consultants, attorneys, and others. Ms. Friess Yessin also uses the GPP email system for personal correspondence including, but not limited to, privileged communications with her counsel. This laptop computer is primarily used in the Commonwealth of Virginia and is protected with a GPP password.

14.     Defendant was not an authorized user on the GPP computer and email system and he did not have a GPP email account, email address, or password.

15.     Ms. Friess Yessin and Defendant are currently in divorce proceedings in the State of Florida. They were separated on May 24, 2009.

16.     Without authorization or consent, Defendant broke into Ms. Friess Yessin's GPP email account and unlawfully surveilled her business and personal documents and communications, including very sensitive, privileged communications with her counsel regarding her strategy in her impending divorce proceedings with Defendant. For example, Plaintiff and her counsel were corresponding regarding whether the Commonwealth of Virginia had jurisdiction and venue to adjudicate her divorce and her intent to file first in Virginia. After unlawfully surveilling this privileged correspondence, Defendant wrested jurisdiction by

preemptively filing in the State of Florida, although he did not attempt to serve that action until weeks later. Similarly, Defendant surveilled Plaintiff's privileged correspondence with her counsel regarding her strategy in the divorce and what she would accept as a settlement. With this privileged information, Defendant has obtained a decisive, unfair advantage in the divorce proceedings. As a licensed member of the Florida bar, Defendant knew, or certainly should have known, of the criminal and unethical nature of this surveillance.

17.     In the course of Defendant's illicit surveillance, he read other correspondence between Ms. Friess Yessin and her counsel; some of which had not yet been read by the intended recipient, and some of which already had been read by the intended recipient.

18.     Ms. Friess Yessin became suspicious that Defendant may have been unlawfully surveilling her GPP email account, so, on June 25, 2009, Plaintiff changed her GPP password.

19.     On or about June 25 or 26, 2009, Defendant realized that he could no longer access Ms. Friess Yessin's GPP email account because the password had been changed. As a result, on or about June 25 or 26, 2009, Defendant contacted GPP's information technology specialist and demanded that he be given access to Ms. Friess Yessin's GPP password and email account. When this information technology specialist said no, Defendant threatened him. The information technology specialist then referred Defendant to his counsel. Defendant then called the information technology specialist's counsel and again demanded that he be given access to Ms. Friess Yessin's GPP password and email account. Quite expectedly, counsel advised Defendant that he had no legal right to access this email account and she refused to cooperate in that regard.

20.     Ms. Friess Yessin first became certain of Defendant's unlawful surveillance on or about July 1, 2009. Ms. Friess Yessin became certain of this surveillance because Defendant would use the same language, phrases and/or "buzz words" in his communications

with Ms. Friess Yessin that were used in Ms. Friess Yessin's privileged and confidential communications with her counsel.

21.     Upon learning of Defendant's continued attempts to unlawfully surveill Ms. Friess Yessin's GPP email account, on July 10, 2009, Plaintiffs' counsel sent Defendant and his counsel an extensive letter demanding that Defendant cease and desist from any further unlawful surveillance and demanding that Defendant preserve all evidence of his wrongdoing. A true and correct copy of this letter is attached hereto as Exhibit A. Defendant's immediate written response was that he had no intention of complying with any of the demands made in this letter.

22.     Consistent with his stated intent, on July 22, 2009, Plaintiffs learned that Defendant was still attempting to unlawfully surveill Ms. Friess Yessin's GPP email account and GPP's confidential documents, information and correspondence. On July 22, 2009, Ms. Friess Yessin also learned that Defendant may be unlawfully surveilling her personal "G-mail" account, which is a web-based account that is not associated or connected with Ms. Friess Yessin's GPP email account.

23.     Through his unlawful surveillance, Defendant has impaired the condition, quality and value of the GPP computer system and email accounts and invaded GPP and Ms. Friess Yessin's privacy. From the date of the unlawful surveillance, Ms. Friess Yessin's personal and business communications were no longer private. Further, as a result of this unlawful surveillance, Plaintiffs have been harmed in the manner in which they may safely conduct their business and have been forced to incur substantial attorneys' fees and costs associated with taking defensive measures to prevent such unlawful access in the future.

24.     Defendant's unlawful surveillance of Plaintiffs' communications and/or interception of information transmitted by Plaintiffs have caused Plaintiffs to expend considerable time and resources to investigate the unlawful surveillance and uncover the origination of Defendant's unlawful surveillance and interception of electronic communications.

25.      Defendant's unlawful surveillance of Plaintiffs' communications and documents and the interception of information transmitted by Plaintiffs have caused Plaintiffs to expend considerable time and resources in taking preventative measures to ensure and/or minimize the possibility of such impermissible access occurring at any future date and caused irreparable harm by disclosing information between Ms. Friess Yessin and her counsel that is protected by the attorney-client privilege and the attorney work-product doctrine.

26.      Defendant has conducted this unlawful surveillance to, *inter alia*, harm Ms. Friess Yessin and GPP and obtain a decisively unfair advantage in the pending divorce proceedings between him and Ms. Friess Yessin.

27.      None of Defendant's, or Defendant Does 1-10, unauthorized actions as described in this Complaint are reasonably related, in any form whatsoever, to the rendering of services, or performance of any duties, on behalf of GPP.  To the contrary, at all times relevant to this Complaint, Defendant was acting for his own individual personal gain.

28.      In addition to this unlawful surveillance, without authorization and consent, after their separation Defendant also admittedly broke into Ms. Friess Yessin's home in Arlington, Virginia and removed personal property.

29.      Defendant's unlawful surveillance not only violates Federal and State criminal law, but it is also a gross violation of the Professional Rules of Conduct for a licensed attorney.

## COUNT I
### Violation of the Federal Computer Fraud and Abuse Act
### 18 U.S.C. § 1030(a)(2)(C)
### (Defendant and Does 1-10)

30.      Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

31.      GPP maintains computers and a computer network on which it develops and stores GPP privileged, confidential, proprietary and trade secret information.  GPP limits access

to its computer system by assigning usernames and passwords to all GPP authorized users. Defendants do no have GPP usernames or passwords and are not GPP authorized users.

32.     Because of the nature of GPP's business as described in this Complaint, its computers are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B), as they are used in and/or affect interstate and foreign commerce, in a manner that affects interstate or foreign commerce or communication of the United States.

33.     Defendants, individually and/or collectively, intentionally accessed GPP's protected computer system without consent or authorization by using Ms. Friess Yessin's GPP username and password to gain access to her GPP email account, including access to GPP documents and privileged communications with her counsel.

34.     On information and belief, Defendants have individually and/or collectively obtained proprietary and confidential information from GPP's protected computer system including, but not limited to, Ms. Friess Yessin's password, and her personal and privileged communications with her counsel.

35.     By their actions, Defendants individually and/or collectively have intentionally accessed a computer, email account, and computer network without authorization, or in excess of authorization, and have thereby obtained information from a protected computer in violation of 18 U.S.C. § 1030(a)(2)(C). Upon information and belief, Defendants engaged in such activity for purposes of commercial advantage or personal financial gain and/or individually and/or collectively have caused impairment to the integrity of GPP's data, programs, systems, and information, and to the integrity of Ms. Friess Yessin's personal information and legal position in her divorce proceedings against Defendant.

36.     By their actions, Defendants individually and/or collectively have caused GPP to incur losses including the cost of responding to Defendants' individual and/or collective offenses, conducting damage assessments, restoring the data, program, system and/or information to its condition prior to Defendants' offenses, lost revenue and interruption of

service. GPP has suffered losses in excess of $5,000 in aggregate value as a result of Defendants' course of conduct.

37.　　By their actions, Defendants individually and/or collectively have caused Ms. Friess Yessin to incur losses including the cost of responding to Defendants' individual and/or collective offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel. Ms. Friess Yessin has suffered losses in excess of $5,000 in aggregate value as a result of Defendants' course of conduct.

38.　　As a result of Defendants' individual and collective violations of 18 U.S.C. § 1030, Plaintiffs, individually and collectively, are entitled to recover economic damages, which include, but are not limited to lost profits, lost goodwill, damage to reputation, and impairment of value to property in amounts to be proven at trial, as well as injunctive relief, and any other equitable relief that the Court deems just a proper, as provided under 18 U.S.C. § 1030(g).

39.　　Defendants continue to attempt to engage in the unlawful actions alleged herein, and unless restrained and enjoined will continue to do so, causing irreparable harm to Plaintiffs. Without discovery it is impossible to fully ascertain the degree of harm as well as the amount of compensation that could afford Plaintiffs adequate relief for Defendants' continuing unlawful acts. Plaintiffs' remedy at law is, therefore, necessary, but nevertheless inadequate to compensate Plaintiffs completely for the injuries suffered, and future injuries threatened.

## COUNT II
### Violation of the Federal Computer Fraud and Abuse Act
### 18 U.S.C. § 1030(a)(4)
### (Defendant and Does 1-10)

40.       Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein

41.       GPP maintains computers and a computer network on which it develops and stores GPP privileged, confidential, proprietary and trade secret information.  GPP limits access to its computer system by assigning usernames and passwords to all GPP authorized users. Defendants do no have GPP usernames or passwords and are not GPP authorized users.

42.       Because of the nature of GPP's business as described in this Complaint, its computers are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B), as they are used in and/or affect interstate and foreign commerce, in a manner that affects interstate or foreign commerce or communication of the United States.

43.       Defendants, individually and/or collectively, knowingly and with intent to defraud, accessed GPP's protected computer, email account and computer network without consent or authorization, or exceeding authorized access, by using Ms. Friess Yessin's GPP username and password to gain access to her GPP email account, including access to privileged communications with her counsel.

44.       On information and belief, Defendants have individually and/or collectively obtained proprietary and confidential information from GPP's protected computer system including, but not limited to, Ms. Friess Yessin's password, and her personal and privileged communications with her counsel.

45.       By their actions, Defendants individually and/or collectively have, knowingly and with the intent to defraud Plaintiffs, accessed GPP's protected computer, computer system and/or email account without authorization or exceeding authorized access.  In doing so, Defendants furthered the intended fraud, and obtained a thing of value, namely, GPP's

confidential and proprietary information and the personal and privileged information of Ms.
Friess Yessin and her legal position and strategy in her divorce proceedings against Defendant.
Defendants have thereby obtained information from a protected computer, computer system
and/or email account in violation of 18 U.S.C. § 1030(a)(4).

46.     By their actions, Defendants individually and/or collectively have caused GPP
to incur losses including the cost of responding to Defendants' individual and/or collective
offenses, conducting damage assessments, restoring the data, program, system and/or
information to its condition prior to Defendants' offenses, lost revenue and interruption of
service. GPP has suffered losses in excess of $5,000 in aggregate value as a result of
Defendants' course of conduct.

47.     By their actions, Defendants individually and/or collectively have caused Ms.
Friess Yessin to incur losses including the cost of responding to Defendants' individual and/or
collective offenses, conducting damage assessments, guarding against future intrusions, incurring
attorneys' fees in responding to and protecting against further intrusions, which attempts are
ongoing. Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce
proceedings against Defendant, as her settlement integrity has been compromised by Defendants'
unlawful surveillance of her privileged communications with her counsel. Ms. Friess Yessin has
suffered losses in excess of $5,000 in aggregate value as a result of Defendants' course of
conduct.

48.     As a result of Defendants' individual and collective violations of 18 U.S.C. §
1030, Plaintiffs, individually and collectively, are entitled to recover economic damages, which
include, but are not limited to lost profits, lost goodwill, damage to reputation, and impairment of
value to property in amounts to be proven at trial, as well as injunctive relief, and any other
equitable relief that the Court deems just a proper, as provided under 18 U.S.C. § 1030(g).

49.     Defendants continue to attempt to engage in the unlawful actions alleged
herein, and unless restrained and enjoined will continue to do so, causing irreparable harm to

both Plaintiffs.  Without discovery it is impossible to fully ascertain the degree of harm as well as the amount of compensation that could afford Plaintiffs adequate relief for Defendants' continuing unlawful acts.  Plaintiffs' remedy at law is, therefore, necessary, but nevertheless inadequate to compensate Plaintiffs completely for the injuries suffered, and future injuries threatened.

**COUNT III**
**Violation of Prohibition on Interception and Disclosure of**
**Wire, Oral, or Electronic Communications**
**18 U.S.C. § 2511(a) and § 2520**
**(Defendant and Does 1-10)**

50.     Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

51.     Defendants, without consent or authorization, individually and/or collectively intentionally intercepted, endeavored to intercept and/or procured another person to intercept or endeavor to intercept Plaintiffs' wire and/or electronic communications in violation of 18 U.S.C. § 2511(a).

52.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Defendants, individually and collectively, made profits.

53.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, suffered actual damages.

54.     Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

55.     GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

56.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, are entitled to recover any profits Defendants, individually and/or collectively, have received from their violations of 18 U.S.C. § 2511, compensatory damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under 18 U.S.C. § 2520(c)(2)(B) in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

57.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of 18 U.S.C. § 2511.

## COUNT IV
### Violation of Prohibition on Interception and Disclosure of Wire, Oral, or Electronic Communications
### 18 U.S.C. § 2511(c) and § 2520
### (Defendant and Does 1-10)

58.     Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

59.     Defendants, without consent or authorization, disclosed to Defendant's counsel and others the contents of Plaintiffs' wire and/or electronic communications, knowing or having reason to know that the information was obtained through the interception of a wire and/or electronic communication in violation of 18 U.S.C. § 2511(c).

60.      As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, they made profits.

61.      As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs have suffered actual damages.

62.      Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her position in the divorce proceedings has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

63.      Plaintiff GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

64.      As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, are entitled to recover any profits Defendants received from their violations of 18 U.S.C. § 2511, compensatory damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under 18 U.S.C. § 2520(c)(2)(B) in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

65.      As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of 18 U.S.C. § 2511.

## COUNT V
### Violation of Prohibition on Interception and Disclosure of Wire, Oral, or Electronic Communications
### 18 U.S.C. § 2511(d) and § 2520
### (Defendant and Does 1-10)

66.     Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

67.     Defendants, without consent or authorization, individually and/or collectively, intentionally used, endeavored to use, or procured another to use, the contents of Plaintiffs' wire and/or electronic communications, including the privileged communications between Ms. Friess Yessin and her counsel for the benefit of Defendant's legal position in his divorce proceedings against Ms. Friess Yessin and otherwise.  Defendants used the contents of the wire and/or electronic communications knowing or having reason to know that the information was obtained through the interception of a wire and/or electronic communication, in violation of this subsection

68.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, they made profits.

69.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs have suffered actual damages.

70.     Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her position in the divorce proceedings has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

71.     GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

72.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually collectively, are entitled to recover any profits Defendants received from their violations of 18 U.S.C. § 2511, compensatory damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under 18 U.S.C. § 2520(c)(2)(B) in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

73.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendant from further violations of 18 U.S.C. § 2511.

<u>**COUNT VI**</u>
**Violation of Prohibition on Stored Wire and Electronic Communications and Transactional Records Access**
**18 U.S.C. § 2701(a)(1) and 18 U.S.C. § 2707**
**(Defendant and Does 1-10)**

74.     Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

75.     Defendants willfully and intentionally accessed, without consent or authorization, or in excess of any authorization, the GPP computer system and Ms. Friess Yessin's GPP-provided email account, documents, and personal emails on that system.

76.     As previously described in this Complaint, the GPP computer system is a facility through which an electronic communication service is provided within the meaning of 18 U.S.C. § 2701 *et seq*.

77.     None of the Defendants are the people or entities that provide the electronic communications service; only Plaintiff GPP provides the service. In addition, none of the communications accessed and obtained by Defendants were of, by, or intended for any of Defendants. Finally, none of Defendants' conduct was authorized in Sections 2703, 2704 or 2518 of Title 18 of the U.S. Code.

78.     Pursuant to 18 U.S.C. § 2707, Defendants are civilly liable to Plaintiffs for actual damages, statutory damages, punitive damages, and attorneys' fees and cost for their violations of this section.

79.     Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her position in the divorce proceedings has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

80.     GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

81.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2701 *et. seq*, Plaintiffs, individually and collectively, are entitled to such preliminary and other

equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of 18 U.S.C. § 2701 *et seq.*

## COUNT VII
### Violation of Prohibition on Stored Wire and Electronic Communications and Transactional Records Access
### 18 U.S.C. § 2701(a)(2) and 18 U.S.C. § 2707
### (Defendant and Does 1-10)

82.     Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

83.     Defendants, without consent or authorization, willfully and intentionally exceeded any authorization to access the GPP computer system by using Ms. Friess Yessin's GPP-provided user name and password, without her authorization, to access the GPP system and to access Ms. Friess Yessin's GPP-provided email account. In doing so, Defendants obtained access to electronic communications while the communications were in electronic storage in GPP's system.

84.     As previously described in this Complaint, the GPP computer system is a facility through which an electronic communication service is provided within the meaning of 18 U.S.C. § 2701 *et seq.*

85.     None of the Defendants are the people or entities that provide the electronic communications service; only Plaintiff GPP provides the service. In addition, none of the communications accessed and obtained by Defendants were of, by, or intended for any of Defendants. Finally, none of Defendants' conduct was authorized in Sections 2703, 2704 or 2518 of Title 18 of the U.S. Code.

86.     Defendants obtained access to electronic communications while they were in electronic storage, in Ms. Friess Yessin's GPP email and G-mail account, in violation of 18 U.S.C. § 2701.

87.       Pursuant to 18 U.S.C. § 2707, Defendants are civilly liable to Plaintiffs for actual damages, statutory damages, punitive damages, and attorneys' fees and cost for their violations of this section.

88.       Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

89.       GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

90.       As a result of Defendants' individual and collective violations of 18 U.S.C. § 2701 *et seq*, Plaintiffs, individually and collectively, are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of 18 U.S.C. § 2701 *et seq*.

## COUNT VIII
### Violation of Prohibition on Interception and Disclosure of Wire, Oral, or Electronic Communications
### Va. Code § 19.2-62(A)(1) and § 19.2-69
### (Defendant and Does 1-10)

91.       Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

92.     Defendants, without consent or authorization, individually and/or collectively, with malice, willfully intercepted, endeavored to intercept and/or procured another to intercept or endeavor to intercept Plaintiffs' wire and/or electronic communications from GPP's computer network and Ms. Friess Yessin's GPP email account. Defendants' interception and attempted interception caused Ms. Friess Yessin's information to be transmitted through a wire, cable or other like connection. Through Defendants' wiretapping into Ms. Friess Yessin's GPP email account and GPP's computer network, Defendants individually and/or collectively obtained documents and information relating to Ms. Friess Yessin and the operations of GPP in violation of Va. Code § 19.2-62.

93.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs suffered actual damages.

94.     Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

95.     GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

96.     As a result of Defendants' individual and collective violations of Va. Code §19.2-62, Plaintiffs are entitled to recover actual damages for any loss Plaintiffs, collectively

and/or individually, suffered, statutory damages as provided under Va. Code § 19.2-69 in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

97.    As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of Va. Code § 19.2-62.

## COUNT IX
### Violation of Prohibition on Interception and Disclosure of Wire, Oral, or Electronic Communications
### Va. Code § 19.2-62(A)(2) and § 19.2-69
### (Defendant and Does 1-10)

98.    Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

99.    Defendants, without consent or authorization, individually and/or collectively, intentionally used, endeavored to use, or procured another to use, the contents of Plaintiffs' wire or electronic communications, including the privileged communications between Ms. Friess Yessin and her counsel, for the benefit of Defendant's legal position in his divorce proceedings against Ms. Friess Yessin and otherwise. Defendants used the contents of the wire or electronic communications knowing or having reason to know that the information was obtained through the interception of a wire and/or electronic communication in violation of Va. Code § 19.2-62.

100.    As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs suffered actual damages.

101.    Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been

compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

102.     Plaintiff GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

103.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to recover actual damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under Va. Code § 19.2-69 in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

104.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of Va. Code § 19.2-62.

## COUNT X
**Violation of Prohibition on Interception and Disclosure of
Wire, Oral, or Electronic Communications
Va. Code § 19.2-62(A)(3) and § 19.2-69
(Defendant and Does 1-10)**

105.     Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

106.     Defendants, without consent or authorization, individually and/or collectively, intentionally disclosed, or endeavored to disclose, to each other and to other persons, the contents of Plaintiffs' wire or electronic communications, including Ms. Friess Yessin's privileged communications with her counsel and otherwise.  Defendants knew or had reason to

know that this information was obtained through the interception of a wire and/or electronic communication, which methods have been described throughout this Complaint.

107.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs suffered actual damages.

108.     Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

109.     Plaintiff GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

110.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to recover actual damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under Va. Code § 19.2-69 in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

111.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of Va. Code § 19.2-62.

## COUNT XI
### Violation of Prohibition on Interception and Disclosure of Wire, Oral, or Electronic Communications
### Va. Code § 19.2-62(A)(4) and § 19.2-69
### (Defendant and Does 1-10)

112.     Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

113.     Defendants, without consent or authorization, individually and/or collectively, willfully used, or endeavored to use, the contents of Plaintiffs' wire or electronic communications, including Ms. Friess Yessin's privileged communications with her counsel and otherwise, which they obtained through the illegal surveillance described throughout this Complaint, knowing or having reason to know that the information was obtained through the interception of a wire and/or electronic communication.

114.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs suffered actual damages.

115.     Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

116.     Plaintiff GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

117.    As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to recover actual damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under Va. Code § 19.2-69 in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

**118.**    As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of Va. Code § 19.2-62.

### COUNT XII
### Computer Fraud
### Va. Code § 18.2-152.3 and § 18.2-152.12
### (Defendant and Does 1-10)

119.    Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

120.    GPP's Chief Executive Officer, Ms. Friess Yessin, is a resident of the Commonwealth of Virginia and this District and used the GPP-provided laptop computer in her home for communication with GPP executives and personnel, GPP customers and GPP's business partners as well as for personal communications.

121.    Defendants intercepted and surveilled communications sent from the GPP laptop computer in Ms. Friess Yessin's residence "without authority," as that term is defined in Va. Code Ann. § 18.2.-152.2, by improperly using Ms. Friess Yessin's password to access GPP property, including its computer, email system and computer network.

122.    Without authority, Defendants individually and collectively intercepted and surveilled Ms. Friess Yessin's communications with GPP executives, personnel, clients and business partners as well as her privileged communications with her counsel.  These actions constitute conversion of the property of Ms. Friess Yessin and GPP, and the obtaining of such property by false pretenses.

123. Upon information and belief, without authority, Defendants obtained access to, and used GPP's computer, email system and computer network with the intent to gain GPP's proprietary and confidential business information and Ms. Friess Yessin's privileged communications with her counsel by false pretenses, in violation of Va. Code § 18.2-152.3(1) and (3), and thus have committed computer fraud.

124. Defendants' acts have caused damages to Ms. Friess Yessin, GPP and GPP's computer, email system and computer network in amounts to be proven at trial.

125. As a result of Defendants' collective and individual violations of Va. Code § 18.2-152.3, Defendants are individually and collectively liable to Plaintiffs for actual and compensatory damages, lost profits and for Plaintiffs' costs of suit in accordance with Va. Code Ann. § 18.2-152.12.

126. Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

127. GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing. GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

128. Defendants threaten to continue to engage in the unlawful access to GPP's computer, email system and computer network and/or Ms. Friess Yessin's communications as complained of herein, and unless restrained and enjoined will continue to do so, impairing

27

Plaintiffs' ability to conduct business and causing Plaintiffs irreparable damage. Without discovery it is impossible to fully ascertain the amount of compensation that could afford Plaintiffs adequate relief for Defendants' continuing unlawful acts. Plaintiffs' remedy at law is, therefore, inadequate to compensate for the injuries threatened. Plaintiffs are therefore also entitled to preliminary and permanent injunctions prohibiting Defendants from engaging in continued violations of Va. Code § 18.2-152.3.

## COUNT XIII
### Computer Invasion of Privacy
### Va. Code § 18.2-152.5 and § 18.2-152.12
### (Defendant and Does 1-10)

129.    Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

130.    GPP's Chief Executive Officer, Ms. Friess Yessin, is a resident of the Commonwealth of Virginia and this District and maintained the GPP-provided laptop computer in her home for communication with GPP executives and personnel, GPP's customers and GPP's business partners as well as for personal communications.

131.    Defendants used the GPP computer and email system "without authority," as that term is defined in Va. Code Ann. § 18.2.152.2, by improperly using Ms. Friess Yessin's password to access GPP property, including the GPP computer, email system and computer network.

132.    Without authority, Defendants individually and collectively intentionally used the computer, email system and computer network provided by GPP to Ms. Friess Yessin, for use at her home, to examine financial, personal and privileged information relating to GPP, its officers and employees, and/or Ms. Friess Yessin.

133.     Defendants individually and collectively used the computer, email system and computer network provided by GPP to Ms. Friess Yessin in an unauthorized context, where they knew or should have known that they lacked authority to do.

134.     Defendants' actions constitute Computer Invasion of Privacy, and are a violation of Va. Code Ann. § 18.2-152.5.

135.     Defendants' acts have caused damages to Ms. Friess Yessin, GPP, and GPP's computer, email system and computer network in amounts to be proven at trial.

136.     Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful surveillance of her privileged communications with her attorney.

137.     GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

138.     As a result of Defendants' collective and individual violation of Va. Code § 18.2-152.5, Defendants are individually and collectively liable to Plaintiffs for any actual and compensatory damages, lost profits, and for Plaintiffs' costs of suit in accordance with Va. Code Ann. § 18.2-152.12.

139.     Defendants threaten to continue to engage in the unlawful access of GPP's computer, email system and computer network computer and/or Ms. Friess Yessin's communications as complained of herein, and unless restrained and enjoined will continue to do

29

so, impairing Plaintiffs' ability to conduct business and causing Plaintiffs irreparable damage. Without discovery it is impossible to fully ascertain the amount of compensation that could afford Plaintiffs adequate relief for Defendants' continuing unlawful acts. Plaintiffs' remedy at law is, therefore, inadequate to compensate for the injuries threatened. Plaintiffs are therefore entitled to preliminary and permanent injunctions prohibiting Defendants from engaging in continued violations of Va. Code § 18.2-152.5.

## COUNT XIV
### Trespass to Chattels
### (Defendant and Does 1-10)

140.     Plaintiffs repeat and re-allege each of the above allegations in this Complaint as though set forth fully herein.

141.     The GPP laptop computer, email system and computer network are the property of GPP.

142.     The personal, financial, confidential communications and information that were exchanged between Ms. Friess Yessin and her counsel is the property of Ms. Friess Yessin.

143.     Defendants, individually and collectively, intentionally used and/or intermeddled with the property of GPP, by accessing its computer, email system and computer network without authorization, via use of a password belonging to Ms. Friess Yessin.

144.     Defendants, individually and collectively, intentionally used and/or intermeddled with and converted the property of Ms. Friess Yessin by using the substance of her communications with counsel as leverage against her in the divorce proceedings between her and Defendant.

145.     Without consent or authorization, Defendants, individually and collectively, have intentionally, maliciously and repeatedly obtained access to, and made use of, GPP's computer, email system and computer network to unlawfully surveill and intercept the electronic communications of Ms. Friess Yessin and thereby gain access to, and rummage through, Ms.

Friess Yessin's email account on GPP's computer network which includes Ms. Friess Yessin's personal and GPP's business communications and documents.

146. Defendants, individually and collectively, have intentionally and repeatedly obtained access to, and made use of, GPP's computer, email system and computer network to view Plaintiffs' proprietary, confidential and personnel information for Defendants' own economic benefit.

147. Through their unauthorized acts, Defendants have wrongfully exercised dominion over GPP's computer, email system and computer network in denial of GPP's rights to that property. Defendants' wrongful exercise of dominion over GPP's computer, email system and computer network has deprived GPP of its legitimate use of its commercially valuable system.

148. Through their unauthorized acts, Defendants have wrongfully exercised dominion over Ms. Friess Yessin's email account and privileged, confidential correspondence and information that she has exchanged with her counsel. In doing so, Defendants have compromised Ms. Friess Yessin's negotiating position in the divorce proceedings with Defendant. Defendants' wrongful exercise of dominion over Ms. Friess Yessin's information has deprived her of its legitimate use.

149. Under Virginia common law, Defendants' conduct constitutes trespass to chattel.

150. As a result of Defendants' trespass to chattels, GPP and Ms. Friess Yessin have suffered and will continue to suffer irreparable injury and pecuniary damages. GPP and Ms. Friess Yessin's damages include not only pecuniary injury, but also the loss of confidential and proprietary information, as well as the cost of ensuring against future intrusions. Unless enjoined by this Court, Defendants will continue these acts of trespass, thereby causing GPP and Ms. Friess Yessin irreparable harm.

151.     In addition to actual and compensatory damages, Defendants' individual and collective acts of trespass have been undertaken intentionally, with malice, oppression and fraud, justifying the imposition of punitive damages in an amount sufficient to punish Defendants and deter Defendants and others from engaging in similar conduct.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs GPP and Ms. Friess Yessin pray for the following relief:

1.     That judgment be entered in their favor granting preliminary and permanent injunctive relief against Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them who receive actual notice of any Order, enjoining them directly or indirectly from:

   a. Intercepting any communications or documents from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

   b. Obtaining any communications or documents in electronic storage from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

   c. Using any communications or documents from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

   d. Disclosing the contents of any communications or documents from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

   e. Surveilling any communications or documents from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

     f.  Acquiring, compiling, using or transferring any proprietary, confidential, financial, privileged or personal information of GPP and/or Ms. Friess Yessin;

     g.  Otherwise obtaining, without authorization, any information, communications, or documents from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

2.     That judgment be entered in their favor awarding Plaintiffs statutory, actual/compensatory, proximate, and punitive damages based on Defendants' violations of the Federal Computer Fraud and Abuse Act (18 U.S.C. §1030 *et. seq.*), Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. § 2511 *et. seq.*), Title II of the Electronic Communications Privacy Act (the Stored Communications Act), 18 U.SC. § 2701 *et seq.*, Virginia Code Ann. §§ 18.2-152.3; -152.4; -152.5 and -152.12, and § 19.2-62 and -69, and the common law in excess of $750,000;

3.     That judgment be entered in their favor awarding Plaintiffs all their attorneys' fees and costs associated with prosecuting this action;

4.     Pre and post-judgment interest; and

5.     That the Court grant such other and further equitable and legal relief that the Court may deem just and appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all claims so triable.

Dated: July 31, 2009

Respectfully Submitted,

**PLAINTIFFS**
By Counsel

Bernard J. DiMuro
Virginia State Bar # 18784
Stacey Rose Harris
Virginia State Bar #65887
*Counsel for Plaintiff*
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
E-Mails: bdimuro@dimuro.com;
sharris@dimuro.com