## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (ALEXANDRIA DIVISION)

|  |  |  |
|---|---|---|
| **GLOBAL POLICY PARTNERS, LLC,** | ) | |
| **and** | ) | |
| **KATHERINE FRIESS YESSIN,** | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 1:09-cv-859 TSE/TRJ** |
| **v.** | ) | |
| **BRENT YESSIN,** *et al.,* | ) | |
| **Defendants.** | ) | |

### AMENDED COMPLAINT

Global Policy Partners, LLC ("GPP") and Katherine Friess Yessin ("Ms. Friess Yessin") (collectively, "Plaintiffs"), by and through counsel and pursuant to Fed. R. Civ. P. 15(a)(1)(A), submit their Amended Complaint, and allege as follows:

### NATURE OF THE CASE

Plaintiffs bring this action against Defendant Brent W. Yessin ("Defendant") and Doe Defendants 1-10 ("Does 1-10") (Defendant and Does 1-10 collectively, "Defendants") for multiple violations of Federal and State law arising from Defendants' unlawful electronic surveillance of Plaintiffs' computer and electronic email accounts and misappropriation of Plaintiffs' confidential and proprietary business information, personal information, and privileged attorney-client communications. In violation of Federal and State criminal law, Defendants conducted this unlawful surveillance and obtained privileged attorney-client communications in order to, *inter alia*, harm GPP and Ms. Friess Yessin and obtain an unfair

advantage in the pending divorce proceedings between Ms. Friess Yessin and Defendant. Defendants' actions violate provisions of the Federal Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et. seq.*), Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. § 2511 *et. seq.*), Title II of the Electronic Communications Privacy Act (the "Stored Communications Act"), 18 U.SC. § 2701 *et seq.*, and Virginia Code Ann. §§ 18.2-152.3; -152.4; -152.5, -152.12, and § 19.2-62 and -69.

In support thereof, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.        This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises out of, *inter alia*, Defendants' repeated violations of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et. seq.*, Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2511 *et. seq*, and Title II of the Electronic Communications Privacy Act/the Stored Communications Act, 18 U.SC. § 2701 *et. seq*.  This Court has Supplemental Jurisdiction over the Virginia statutory claims pursuant to 28 U.S.C. § 1367.

2.        Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because, *inter alia*, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District, including that unlawful surveillance and interception of communications occurred in this District in that these communications were sent and received from Ms. Friess Yessin's home office in this District by use of a GPP laptop that accessed the GPP computer system.  Certain of these communications were between Ms. Friess Yessin and her counsel while they were both in this District.  In addition, Defendant's illegal acts have harmed GPP and Ms. Friess Yessin in this District.  GPP's network server is located in Arizona and, as such, communications made through the GPP system in this District are used in and affect interstate commerce.

3.       This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant has caused tortious injury and committed crimes in this District, including the unlawful surveillance and interception of communications that are the subject of this action. Certain of these communications that were intercepted and surveilled were sent between Ms. Friess Yessin and her counsel while they were both in this District.  The proprietary, financial and privileged information that were exchanged between Ms. Friess Yessin and her counsel were transmitted within this District, and such information is utilized by Ms. Friess Yessin in this District.  Defendant's illegal interception and use of this information has caused harm to Ms. Friess Yessin in this District.

4.       In addition, upon information and belief, Defendant regularly transacts business in this District, engages in a persistent course of conduct in this District, contracts to supply services in this District, and solicits business in this District.  Finally, Defendant continues to attempt to illegally surveill and intercept communications that originate from or are received in this District, including up to the date of the filing of this Amended Complaint.

## PARTIES

5.       Plaintiff GPP is a Limited Liability Corporation, organized and existing under the laws of the State of Florida, with its principal place of business located at 1701 Pennsylvania Avenue, NW, Suite 300, Washington, DC 20006.

6.       Plaintiff Ms. Friess Yessin is an individual who resides in the Commonwealth of Virginia at 1616 North Rhodes Street, Arlington, VA 22209.

7.       Defendant is an individual who, upon information and belief, resides in the State of Florida at 3215 Parkland Boulevard, Tampa, FL 33609.

8.       Defendant Does 1-10 are individuals and legal entities whose addresses and/or States of organization are currently unknown to Plaintiffs.  Upon information and belief, Doe Defendants 1-10 also were engaged in, and are responsible for, the illegal conduct alleged herein. Plaintiffs will move to amend this Complaint if and when they learn the identities of these

Defendants.  Until that time, Plaintiffs' specific allegations are directed at Defendant's unlawful conduct.

## FACTUAL BACKGROUND

9.        GPP is a full service government relations and business consulting firm. The only officers and principals of GPP, Ms. Friess Yessin and Jeffrey C. Weiss, are highly experienced consultants who have worked in international business and politics for decades. They bring a global network of contacts and strategic and tactical strategies to bear on behalf of their clients, including securing government contracts; finding partners and business opportunities in foreign markets for U.S. interests; arranging U.S. partners and market access for foreign entities; providing access to venture capital or other investment opportunities; providing government relations; creating and implementing full-scale communications plans; and a myriad of other services. GPP has particular strength in the areas of tax, international trade, technology, telecommunications, counter-terrorism, security, and defense.

10.        GPP operates under strict standards of client confidentiality, as security is paramount in these highly competitive business transactions and, particularly for the intelligence, defense, and security related projects – many of these clients operate under highly restricted, classified U.S. government contracts. This is not only for competitive reasons – when working on potential international contracts the environment is fraught with corporate and government espionage – but also for reasons of U.S. national security.  As a result, GPP strictly protects and maintains the confidential and proprietary nature of its trade secrets, software, documents, communications, and services with passwords and other safeguards.

11.        The GPP computer system and/or network is a "facility through which an electronic communication service is provided" within the meaning of 18 USC § 2510 because it provides, to authorized users thereof, the ability to send or receive electronic communications.

12.        Ms. Friess Yessin is the Chief Executive Officer, a Manager, and a Principal of GPP.  Mr. Weiss is the Chief Operating Officer, a Manager, and a Principal of GPP.

Together, Ms. Friess Yessin and Mr. Weiss are the only officers and Principals of GPP.  Ms. Friess Yessin and Mr. Weiss also are the majority Members and as 2 of the 3 Managers have majority control over GPP.  As such, only Ms. Friess Yessin and Mr. Weiss have the authority to make decisions on behalf of GPP.  Defendant has no control over GPP and he had no authority to authorize or engage in the criminal unlawful surveillance that is the subject of this Amended Complaint.  As the majority Members, Ms. Friess Yessin and Mr. Weiss consented in writing to the filing and prosecution of this action and provided Defendant notice.  On August 18, 2009, as the majority Members, Ms. Friess Yessin and Mr. Weiss consented in writing to remove Defendant as a Manager and provided him notice.   On September 17, 2009, as the only Managers and majority Members, Ms. Friess Yessin and Mr. Weiss approved by consent the continuation of this action and the filing of this Amended Complaint, and provided Defendant and his counsel notice.

13.     Ms. Friess Yessin uses a laptop computer supplied by GPP that she uses in her home in Arlington, Virginia and at GPP to email communications and documents of a confidential and proprietary nature to communicate with GPP's customers, business partners, consultants, attorneys, and others.  Ms. Friess Yessin also uses the GPP email system for personal correspondence including, but not limited to, privileged communications with her counsel.  This laptop computer is primarily used in the Commonwealth of Virginia and is protected with a GPP password.

14.     Defendant was not an authorized user on the GPP computer and email system and he did not have a GPP email account, email address, or password.

15.     Ms. Friess Yessin and Defendant are currently in divorce proceedings in the State of Florida.  They were separated on May 24, 2009.

16.     Without authorization or consent, Defendant broke into Ms. Friess Yessin's GPP email account and unlawfully intercepted and surveilled her business and personal documents and communications, including very sensitive, privileged communications with her

counsel regarding her strategy in her impending divorce proceedings with Defendant.  For example, Plaintiff and her counsel were corresponding regarding whether the Commonwealth of Virginia had jurisdiction and venue to adjudicate her divorce and her intent to file first in Virginia.  After unlawfully intercepting and surveilling this privileged correspondence, Defendant wrested jurisdiction by preemptively filing in the State of Florida, although he did not attempt to serve that action until weeks later.  Similarly, Defendant intercepted and surveilled Plaintiff's privileged correspondence with her counsel regarding her strategy in the divorce and what she would accept as a settlement.  With this privileged information, Defendant has obtained a decisive, unfair advantage in the divorce proceedings.  As a licensed member of the Florida bar, Defendant knew, or certainly should have known, of the criminal and unethical nature of this interception and surveillance.

17.        In the course of Defendant's illicit interception and surveillance, he read correspondence between Ms. Friess Yessin and her counsel; some of which had not yet been received and/or read by the intended recipient, and some of which had been received and/or read by the intended recipient.  Some of the correspondence that was intercepted and surveilled by the Defendant was acquired during the course of its transmission, and therefore was still in transit, and some of the correspondence was in electronic storage.  On information and belief, Defendant was reviewing some of the correspondence in real time as it was being transmitted.

18.        Ms. Friess Yessin became suspicious that Defendant may have been unlawfully intercepting and surveilling her GPP email account, so, on June 25, 2009, Plaintiff changed her GPP password.

19.        On or about June 25 or 26, 2009, Defendant realized that he could no longer access Ms. Friess Yessin's GPP email account because the password had been changed.  As a result, on or about June 25 or 26, 2009, Defendant contacted GPP's information technology specialist and demanded that he be given access to Ms. Friess Yessin's GPP password and email account.  When this information technology specialist said no, Defendant threatened him.  The

information technology specialist then referred Defendant to his counsel.  Defendant then called the information technology specialist's counsel and again demanded that he be given access to Ms. Friess Yessin's GPP password and email account.   Quite expectedly, counsel advised Defendant that he had no legal right to access this email account and she refused to cooperate in that regard.

20.	Ms. Friess Yessin first became certain of Defendant's unlawful interception and surveillance on or about July 1, 2009.  Ms. Friess Yessin became certain of this surveillance because Defendant would use the same language, phrases and/or "buzz words" in his communications with Ms. Friess Yessin that were used in Ms. Friess Yessin's privileged and confidential communications with her counsel.

21.	Upon learning of Defendant's continued attempts to unlawfully intercept and surveill Ms. Friess Yessin's GPP email account, on July 10, 2009, Plaintiffs' counsel sent Defendant and his counsel an extensive letter demanding that Defendant cease and desist from any further unlawful interception and surveillance, and demanding that Defendant preserve all evidence of his wrongdoing.  A true and correct copy of this letter is attached hereto as Exhibit A.  Defendant's immediate written response was that he had no intention of complying with any of the demands made in this letter.

22.	Consistent with his stated intent, on July 22, 2009, Plaintiffs learned that Defendant was still attempting to unlawfully intercept and surveill Ms. Friess Yessin's GPP email account and GPP's confidential documents, information and correspondence.  On July 22, 2009, Ms. Friess Yessin also learned that Defendant may be unlawfully surveilling her personal "G-mail" account, which is a web-based account that is not associated or connected with Ms. Friess Yessin's GPP email account.  After the filing of the Original Complaint, Plaintiffs became aware that Defendant also is intercepting and/or unlawfully surveilling Ms. Friess Yessin's voicemail messages.

23.     Through his unlawful interception and surveillance, Defendant has impaired the condition, quality and value of the GPP computer system and email accounts and invaded GPP and Ms. Friess Yessin's privacy.  From the date of the unlawful interception and surveillance, Ms. Friess Yessin's personal and business communications were no longer private. Further, as a result of this unlawful interception and surveillance, Plaintiffs have been harmed in the manner in which they may safely conduct their business and have been forced to incur substantial attorneys' fees and costs associated with taking defensive measures to prevent such unlawful access in the future.

24.     Defendant's unlawful interception and surveillance of Plaintiffs' communications and/or interception of information transmitted by Plaintiffs have caused Plaintiffs to expend considerable time and resources to investigate the unlawful interception and surveillance and uncover the origination of Defendant's unlawful surveillance and interception of electronic communications.

25.     Defendant's unlawful interception and surveillance of Plaintiffs' communications and documents and the interception of information transmitted by Plaintiffs have caused Plaintiffs to expend considerable time and resources in taking preventative measures to ensure and/or minimize the possibility of such impermissible access occurring at any future date and caused irreparable harm by disclosing information between Ms. Friess Yessin and her counsel that is protected by the attorney-client privilege and the attorney work-product doctrine.

26.     Defendant has conducted this unlawful interception and surveillance to, *inter alia*, harm Ms. Friess Yessin and GPP and obtain a decisively unfair advantage in the pending divorce proceedings between him and Ms. Friess Yessin.

27.     None of Defendant's, or Defendant Does 1-10, unauthorized actions as described in this Amended Complaint are reasonably related, in any form whatsoever, to the rendering of services, or performance of any duties, on behalf of GPP.  To the contrary, at all

times relevant to this Amended Complaint, Defendant was acting for his own individual personal gain.

28.       In addition to this unlawful interception and surveillance, without authorization and consent, after their separation Defendant also admittedly broke into Ms. Friess Yessin's home in Arlington, Virginia and removed personal property.

29.       Defendant's unlawful interception and surveillance not only violates Federal and State criminal law, but it is also a gross violation of the Professional Rules of Conduct for a licensed attorney.

**COUNT I**
**Violation of the Federal Computer Fraud and Abuse Act**
**18 U.S.C. § 1030(a)(2)(C)**
**(Defendant and Does 1-10)**

30.       Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

31.       GPP maintains computers and a computer network on which it develops and stores GPP privileged, confidential, proprietary and trade secret information.  GPP limits access to its computer system by assigning usernames and passwords to all GPP authorized users. Defendants do not have GPP usernames or passwords and are not GPP authorized users.

32.       Because of the nature of GPP's business as described in this Amended Complaint, its  computers are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B), as they are used in and/or affect interstate and foreign commerce, in a manner that affects interstate or foreign commerce or communication of the United States.

33.       Defendants, individually and/or collectively, intentionally accessed GPP's protected computer system without consent or authorization by using Ms. Friess Yessin's GPP username and password to gain access to her GPP email account, including access to GPP documents and privileged communications with her counsel.

34.     On information and belief, Defendants have individually and/or collectively obtained proprietary and confidential information from GPP's protected computer system including, but not limited to, Ms. Friess Yessin's password, and her personal and privileged communications with her counsel.

35.     By their actions, Defendants individually and/or collectively have intentionally accessed a computer, email account, and computer network without authorization, or in excess of authorization, and have thereby obtained information from a protected computer in violation of 18 U.S.C. § 1030(a)(2)(C).  Upon information and belief, Defendants engaged in such activity for purposes of commercial advantage or personal financial gain and/or individually and/or collectively have caused impairment to the integrity of GPP's data, programs, systems, and information, and to the integrity of Ms. Friess Yessin's personal information and legal position in her divorce proceedings against Defendant.

36.     By their actions, Defendants individually and/or collectively have caused GPP to incur losses including but not limited to the cost of responding to Defendants' individual and/or collective offenses, conducting damage assessments, restoring the data, program, system and/or information to its condition prior to Defendants' offenses, lost revenue and interruption of service.  GPP has suffered losses in excess of $5,000 in aggregate value as a result of Defendants' course of conduct.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

37.     By their actions, Defendants individually and/or collectively have caused Ms. Friess Yessin to incur losses including but not limited to the cost of responding to Defendants' individual and/or collective offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been

compromised by Defendants' unlawful surveillance of her privileged communications with her counsel. Ms. Friess Yessin has suffered losses in excess of $5,000 in aggregate value as a result of Defendants' course of conduct. Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

38.    As a result of Defendants' individual and collective violations of 18 U.S.C. § 1030, Plaintiffs, individually and collectively, are entitled to recover economic damages, which include, but are not limited to lost profits, lost goodwill, damage to reputation, and impairment of value to property in amounts to be proven at trial, as well as injunctive relief, and any other equitable relief that the Court deems just a proper, as provided under 18 U.S.C. § 1030(g).

39.    Defendants continue to attempt to engage in the unlawful actions alleged herein, and unless restrained and enjoined will continue to do so, causing irreparable harm to Plaintiffs. Without discovery it is impossible to fully ascertain the degree of harm as well as the amount of compensation that could afford Plaintiffs adequate relief for Defendants' continuing unlawful acts. Plaintiffs' remedy at law is, therefore, necessary, but nevertheless inadequate to compensate Plaintiffs completely for the injuries suffered, and future injuries threatened.

## COUNT II
### Violation of the Federal Computer Fraud and Abuse Act
### 18 U.S.C. § 1030(a)(4)
### (Defendant and Does 1-10)

40.    Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein

41.    GPP maintains computers and a computer network on which it develops and stores GPP privileged, confidential, proprietary and trade secret information. GPP limits access to its computer system by assigning usernames and passwords to all GPP authorized users. Defendants do no have GPP usernames or passwords and are not GPP authorized users.

42.     Because of the nature of GPP's business as described in this Amended Complaint, its  computers are "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B), as they are used in and/or affect interstate and foreign commerce, in a manner that affects interstate or foreign commerce or communication of the United States.

43.     Defendants, individually and/or collectively, knowingly and with intent to defraud, accessed GPP's protected computer, email account and computer network without consent or authorization, or exceeding authorized access, by using Ms. Friess Yessin's GPP username and password to gain access to her GPP email account, including access to privileged communications with her counsel.

44.     On information and belief, Defendants have individually and/or collectively obtained proprietary and confidential information from GPP's protected computer system including, but not limited to, Ms. Friess Yessin's password, and her personal and privileged communications with her counsel.

45.     By their actions, Defendants individually and/or collectively have, knowingly and with the intent to defraud Plaintiffs, accessed GPP's protected computer, computer system and/or email account without authorization or exceeding authorized access.  In doing so, Defendants furthered the intended fraud, and obtained a thing of value, namely, GPP's confidential and proprietary information and the personal and privileged information of Ms. Friess Yessin and her legal position and strategy in her divorce proceedings against Defendant. Defendants have thereby obtained information from a protected computer, computer system and/or email account in violation of 18 U.S.C. § 1030(a)(4).

46.     By their actions, Defendants individually and/or collectively have caused GPP to incur losses, including but not limited to the cost of responding to Defendants' individual and/or collective offenses, conducting damage assessments, restoring the data, program, system and/or information to its condition prior to Defendants' offenses, lost revenue and interruption of service.  GPP has suffered losses in excess of $5,000 in aggregate value as a result of

Defendants' course of conduct.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

47.     By their actions, Defendants individually and/or collectively have caused Ms. Friess Yessin to incur losses, including but not limited to the cost of responding to Defendants' individual and/or collective offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.  Ms. Friess Yessin has suffered losses in excess of $5,000 in aggregate value as a result of Defendants' course of conduct.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

48.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 1030, Plaintiffs, individually and collectively, are entitled to recover economic damages, which include, but are not limited to lost profits, lost goodwill, damage to reputation, and impairment of value to property in amounts to be proven at trial, as well as injunctive relief, and any other equitable relief that the Court deems just a proper, as provided under 18 U.S.C. § 1030(g).

49.     Defendants continue to attempt to engage in the unlawful actions alleged herein, and unless restrained and enjoined will continue to do so, causing irreparable harm to both Plaintiffs.  Without discovery it is impossible to fully ascertain the degree of harm as well as the amount of compensation that could afford Plaintiffs adequate relief for Defendants' continuing unlawful acts.  Plaintiffs' remedy at law is, therefore, necessary, but nevertheless inadequate to compensate Plaintiffs completely for the injuries suffered, and future injuries threatened.

## COUNT III
### Violation of Prohibition on Interception and Disclosure of
### Wire, Oral, or Electronic Communications
### 18 U.S.C. § 2511(a) and § 2520
### (Defendant and Does 1-10)

50.     Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

51.     Defendants individually and/or collectively intentionally intercepted, endeavored to intercept and/or procured another person to intercept or endeavor to intercept Plaintiffs' wire and/or electronic communications in violation of 18 U.S.C. § 2511(a), by intercepting and acquiring e-mail messages of Plaintiffs', without consent or authorization, during the course of their transmission and prior to their receipt by the intended recipient.

52.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Defendants, individually and collectively, made profits.

53.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, suffered actual damages.

54.     Specifically, Ms. Friess Yessin suffered actual damages, including but not limited to the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful interception and surveillance of her privileged communications with her counsel.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

55.       GPP suffered actual damages, including but not limited to the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

56.       As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, are entitled to recover any profits Defendants, individually and/or collectively, have received from their violations of 18 U.S.C. § 2511, compensatory damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under 18 U.S.C. § 2520(c)(2)(B) in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

57.       As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of 18 U.S.C. § 2511.

## COUNT IV
### Violation of Prohibition on Interception and Disclosure of
### Wire, Oral, or Electronic Communications
### 18 U.S.C. § 2511(c) and § 2520
### (Defendant and Does 1-10)

58.       Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

59.       Defendants, without consent or authorization, disclosed to Defendant's counsel and others the contents of Plaintiffs' wire and/or electronic communications, knowing or

having reason to know that the information was obtained through the interception of a wire and/or electronic communication, by intercepting and acquiring the communications during the course of their transmission and prior to their receipt by the intended recipient, in violation of 18 U.S.C. § 2511(c).

60.        As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, they made profits.

61.        As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs have suffered actual damages.

62.        Specifically, Ms. Friess Yessin suffered actual damages, including but not limited to the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her position in the divorce proceedings has been compromised by Defendants' unlawful interception and surveillance of her privileged communications with her counsel.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

63.        Plaintiff GPP suffered actual damages, including but not limited to the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance

64.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, are entitled to recover any profits Defendants received from their violations of 18 U.S.C. § 2511, compensatory damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under 18 U.S.C. § 2520(c)(2)(B) in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

65.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of 18 U.S.C. § 2511.

## COUNT V
### Violation of Prohibition on Interception and Disclosure of Wire, Oral, or Electronic Communications
### 18 U.S.C. § 2511(d) and § 2520
### (Defendant and Does 1-10)

66.     Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

67.     Defendants, without consent or authorization, individually and/or collectively, intentionally used, endeavored to use, or procured another to use, the contents of Plaintiffs' wire and/or electronic communications, which were intercepted and acquired during the course of their transmission and prior to their receipt by the intended recipient, including the privileged communications between Ms. Friess Yessin and her counsel for the benefit of Defendant's legal position in his divorce proceedings against Ms. Friess Yessin and otherwise.  Defendants used the contents of the wire and/or electronic communications knowing or having reason to know that the information was obtained through the interception of a wire and/or electronic communication, in violation of this subsection

68.     As a result of Defendants' individual and collective violations of 18 U.S.C. §
2511, they made profits.

69.     As a result of Defendants' individual and collective violations of 18 U.S.C. §
2511, Plaintiffs have suffered actual damages.

70.     Specifically, Ms. Friess Yessin suffered actual damages, including but not
limited to the cost of responding to Defendants' offenses, conducting damage assessments,
guarding against future intrusions, incurring attorneys' fees in responding to and protecting
against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred
losses in her bargaining position in the divorce proceedings against Defendant, as her position in
the divorce proceedings has been compromised by Defendants' unlawful interception and
surveillance of her privileged communications with her counsel.  Specifically, Plaintiffs have
receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550
an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful
interception and surveillance.

71.     GPP suffered actual damages, including but not limited to the cost of
responding to Defendants' offenses, conducting damage assessments, guarding against future
intrusions, incurring attorneys' fees in responding to and protecting against further intrusions,
which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss
of its confidential and proprietary information.  Specifically, Plaintiffs have receipts in excess of
$5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms.
Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and
surveillance.

72.     As a result of Defendants' individual and collective violations of 18 U.S.C. §
2511, Plaintiffs, individually and/or collectively, are entitled to recover any profits Defendants
received from their violations of 18 U.S.C. § 2511, compensatory damages for any loss
Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under 18

U.S.C. § 2520(c)(2)(B) in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

73.        As a result of Defendants' individual and collective violations of 18 U.S.C. § 2511, Plaintiffs, individually and collectively, are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendant from further violations of 18 U.S.C. § 2511.

## COUNT VI
### Violation of Prohibition on Stored Wire and Electronic Communications and Transactional Records Access
### 18 U.S.C. § 2701(a)(1) and 18 U.S.C. § 2707
### (Defendant and Does 1-10)

74.        Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

75.        Defendants willfully and intentionally accessed, without consent or authorization, or in excess of any authorization, the GPP computer system and Ms. Friess Yessin's GPP-provided email account, documents, and personal emails on that system.

76.        As previously described in this Amended Complaint, the GPP computer system is a facility through which an electronic communication service is provided within the meaning of 18 U.S.C. § 2701 *et seq*.

77.        None of the Defendants are the people or entities that provide the electronic communications service; only Plaintiff GPP provides the service.  In addition, none of the communications accessed and obtained by Defendants were of, by, or intended for any of Defendants.  Finally, none of Defendants' conduct was authorized in Sections 2703, 2704 or 2518 of Title 18 of the U.S. Code.

78.        Pursuant to 18 U.S.C. § 2707, Defendants are civilly liable to Plaintiffs for actual damages, statutory damages, punitive damages, and attorneys' fees and cost for their violations of this section.

79.     Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her position in the divorce proceedings has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

80.     GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

81.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2701 *et. seq*, Plaintiffs, individually and collectively, are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of 18 U.S.C. § 2701 *et seq*.

### COUNT VII
**Violation of Prohibition on Stored Wire and Electronic Communications and
Transactional Records Access
18 U.S.C. § 2701(a)(2) and 18 U.S.C. § 2707
(Defendant and Does 1-10)**

82.     Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

83.     Defendants, without consent or authorization, willfully and intentionally exceeded any authorization to access the GPP computer system by using Ms. Friess Yessin's GPP-provided user name and password, without her authorization, to access the GPP system and to access Ms. Friess Yessin's GPP-provided email account.  In doing so, Defendants obtained

access to electronic communications while the communications were in electronic storage in GPP's system.

84.     As previously described in this Amended Complaint, the GPP computer system is a facility through which an electronic communication service is provided within the meaning of 18 U.S.C. § 2701 *et seq.*

85.     None of the Defendants are the people or entities that provide the electronic communications service; only Plaintiff GPP provides the service.  In addition, none of the communications accessed and obtained by Defendants were of, by, or intended for any of Defendants.  Finally, none of Defendants' conduct was authorized in Sections 2703, 2704 or 2518 of Title 18 of the U.S. Code.

86.     Defendants obtained access to electronic communications while they were in electronic storage, in Ms. Friess Yessin's GPP email and G-mail account, in violation of 18 U.S.C. § 2701.

87.     Pursuant to 18 U.S.C. § 2707, Defendants are civilly liable to Plaintiffs for actual damages, statutory damages, punitive damages, and attorneys' fees and cost for their violations of this section.

88.     Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful surveillance of her privileged communications with her counsel.

89.     GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are

ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

90.     As a result of Defendants' individual and collective violations of 18 U.S.C. § 2701 *et seq*, Plaintiffs, individually and collectively, are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of 18 U.S.C. § 2701 *et seq*.

## COUNT VIII
### Violation of Prohibition on Interception and Disclosure of Wire, Oral, or Electronic Communications Va. Code § 19.2-62(A)(1) and § 19.2-69 (Defendant and Does 1-10)

91.     Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

92.     Defendants, without consent or authorization, individually and/or collectively, with malice, willfully intercepted, endeavored to intercept and/or procured another to intercept or endeavor to intercept Plaintiffs' wire and/or electronic communications from GPP's computer network and Ms. Friess Yessin's GPP email account  by intercepting and acquiring e-mail messages of Plaintiffs', without consent or authorization, during the course of their transmission and prior to their receipt by the intended recipient.  Defendants' interception and attempted interception caused Ms. Friess Yessin's information to be transmitted through a wire, cable or other like connection.  Through Defendants' wiretapping into Ms. Friess Yessin's GPP email account and GPP's computer network, Defendants individually and/or collectively obtained documents and information relating to Ms. Friess Yessin and the operations of GPP in violation of Va. Code § 19.2-62.

93.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs suffered actual damages.

94.     Specifically, Ms. Friess Yessin suffered actual damages, including but not limited to the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful interception and surveillance of her privileged communications with her counsel.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

95.     GPP suffered actual damages, including but not limited to the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

96.     As a result of Defendants' individual and collective violations of Va. Code §19.2-62, Plaintiffs are entitled to recover actual damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under Va. Code § 19.2-69 in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

97.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of Va. Code § 19.2-62.

## COUNT IX
### Violation of Prohibition on Interception and Disclosure of
### Wire, Oral, or Electronic Communications
### Va. Code § 19.2-62(A)(2) and § 19.2-69
### (Defendant and Does 1-10)

98.     Plaintiffs repeat and re-allege each of the above allegations in this Amended
Complaint as though set forth fully herein.

99.     Defendants, without consent or authorization, individually and/or collectively,
intentionally used, endeavored to use, or procured another to use, the contents of Plaintiffs' wire
or electronic communications, which were intercepted and acquired during the course of their
transmission and prior to their receipt by the intended recipient, including the privileged
communications between Ms. Friess Yessin and her counsel, for the benefit of Defendant's legal
position in his divorce proceedings against Ms. Friess Yessin and otherwise.  Defendants used
the contents of the wire or electronic communications knowing or having reason to know that the
information was obtained through the interception of a wire and/or electronic communication in
violation of Va. Code § 19.2-62.

100.     As a result of Defendants' individual and collective violations of Va. Code §
19.2-62, Plaintiffs suffered actual damages.

101.     Specifically, Ms. Friess Yessin suffered actual damages, including but not
limited to the cost of responding to Defendants' offenses, conducting damage assessments,
guarding against future intrusions, incurring attorneys' fees in responding to and protecting
against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred
losses in her bargaining position in the divorce proceedings against Defendant, as her settlement
integrity has been compromised by Defendants' unlawful interception and surveillance of her
privileged communications with her counsel.  Specifically, Plaintiffs have receipts in excess of
$5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms.
Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and
surveillance.

102.     Plaintiff GPP suffered actual damages, including but not limited to the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

103.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to recover actual damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under Va. Code § 19.2-69 in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

104.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of Va. Code § 19.2-62.

**COUNT X**
**Violation of Prohibition on Interception and Disclosure of**
**Wire, Oral, or Electronic Communications**
**Va. Code § 19.2-62(A)(3) and § 19.2-69**
**(Defendant and Does 1-10)**

105.     Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

106.     Defendants, without consent or authorization, individually and/or collectively, intentionally disclosed, or endeavored to disclose, to each other and to other persons, the contents of Plaintiffs' wire or electronic communications, which were intercepted and acquired during the course of their transmission and prior to their receipt by the intended recipient,

including Ms. Friess Yessin's privileged communications with her counsel and otherwise.
Defendants knew or had reason to know that this information was obtained through the
interception of a wire and/or electronic communication, which methods have been described
throughout this Amended Complaint.

107.     As a result of Defendants' individual and collective violations of Va. Code §
19.2-62, Plaintiffs suffered actual damages.

108.     Specifically, Ms. Friess Yessin suffered actual damages, including but not
limited to the cost of responding to Defendants' offenses, conducting damage assessments,
guarding against future intrusions, incurring attorneys' fees in responding to and protecting
against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred
losses in her bargaining position in the divorce proceedings against Defendant, as her settlement
integrity has been compromised by Defendants' unlawful interception and surveillance of her
privileged communications with her counsel.  Specifically, Plaintiffs have receipts in excess of
$5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms.
Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and
surveillance.

109.     Plaintiff GPP suffered actual damages, including but not limited to the cost of
responding to Defendants' offenses, conducting damage assessments, guarding against future
intrusions, incurring attorneys' fees in responding to and protecting against further intrusions,
which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss
of its confidential and proprietary information.  Specifically, Plaintiffs have receipts in excess of
$5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms.
Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and
surveillance.

110.     As a result of Defendants' individual and collective violations of Va. Code §
19.2-62, Plaintiffs are entitled to recover actual damages for any loss Plaintiffs, collectively

and/or individually, suffered, statutory damages as provided under Va. Code § 19.2-69 in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

111.      As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of Va. Code § 19.2-62.

**COUNT XI**
**Violation of Prohibition on Interception and Disclosure of**
**Wire, Oral, or Electronic Communications**
**Va. Code § 19.2-62(A)(4) and § 19.2-69**
**(Defendant and Does 1-10)**

112.      Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

113.      Defendants, without consent or authorization, individually and/or collectively, willfully used, or endeavored to use the contents of Plaintiffs' wire or electronic communications, including Ms. Friess Yessin's privileged communications with her counsel and otherwise, which were intercepted and acquired during the course of their transmission and prior to their receipt by the intended recipient, which Defendants obtained through the illegal interception and surveillance described throughout this Amended Complaint, knowing or having reason to know that the information was obtained through the interception of a wire and/or electronic communication.

114.      As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs suffered actual damages.

115.      Specifically, Ms. Friess Yessin suffered actual damages, including but not limited to the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting

against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful interception and surveillance of her privileged communications with her counsel.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

116.     Plaintiff GPP suffered actual damages, including but not limited to the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.  Specifically, Plaintiffs have receipts in excess of $5,000 that reflect some such costs, in addition to dozens of hours, at $550 an hour, that Ms. Friess Yessin spent attempting to correct and remediate Defendants' unlawful interception and surveillance.

117.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to recover actual damages for any loss Plaintiffs, collectively and/or individually, suffered, statutory damages as provided under Va. Code § 19.2-69 in amounts to be proven at trial, punitive damages, and attorneys' fees and other litigation costs.

118.     As a result of Defendants' individual and collective violations of Va. Code § 19.2-62, Plaintiffs are entitled to such preliminary and other equitable or declaratory relief as may be appropriate including preliminary and permanent injunctions prohibiting Defendants from further violations of Va. Code § 19.2-62.

## COUNT XII
### Computer Fraud
### Va. Code § 18.2-152.3 and § 18.2-152.12
### (Defendant and Does 1-10)

119.     Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

120.     GPP's Chief Executive Officer, Ms. Friess Yessin, is a resident of the Commonwealth of Virginia and this District and used the GPP-provided laptop computer in her home for communication with GPP executives and personnel, GPP customers and GPP's business partners as well as for personal communications.

121.     Defendants intercepted and surveilled communications sent from the GPP laptop computer in Ms. Friess Yessin's residence "without authority," as that term is defined in Va. Code Ann. § 18.2.-152.2, by improperly using Ms. Friess Yessin's password to access GPP property, including its computer, email system and computer network, and acquiring e-mail messages of Plaintiffs' during the course of their transmission and prior to their receipt by the intended recipient.

122.     Without authority, Defendants individually and collectively intercepted and surveilled Ms. Friess Yessin's communications with GPP executives, personnel, clients and business partners, as well as her privileged communications with her counsel. by acquiring e-mail messages of Plaintiffs', without consent or authorization, during the course of their transmission and prior to their receipt by the intended recipient.  These actions constitute conversion of the property of Ms. Friess Yessin and GPP, and the obtaining of such property by false pretenses.

123.     Upon information and belief, without authority, Defendants obtained access to, and used GPP's computer, email system and computer network with the intent to gain GPP's proprietary and confidential business information and Ms. Friess Yessin's privileged

communications with her counsel by false pretenses, in violation of Va. Code § 18.2-152.3(1) and (3), and thus have committed computer fraud.

124.     Defendants' acts have caused damages to Ms. Friess Yessin, GPP and GPP's computer, email system and computer network in amounts to be proven at trial.

125.     As a result of Defendants' collective and individual violations of Va. Code § 18.2-152.3, Defendants are individually and collectively liable to Plaintiffs for actual and compensatory damages, lost profits and for Plaintiffs' costs of suit in accordance with Va. Code Ann. § 18.2-152.12.

126.     Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful interception and surveillance of her privileged communications with her counsel.

127.     GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

128.     Defendants threaten to continue to engage in the unlawful access to GPP's computer, email system and computer network and/or Ms. Friess Yessin's communications as complained of herein, and unless restrained and enjoined will continue to do so, impairing Plaintiffs' ability to conduct business and causing Plaintiffs irreparable damage.  Without discovery it is impossible to fully ascertain the amount of compensation that could afford Plaintiffs adequate relief for Defendants' continuing unlawful acts.  Plaintiffs' remedy at law is,

therefore, inadequate to compensate for the injuries threatened.  Plaintiffs are therefore also entitled to preliminary and permanent injunctions prohibiting Defendants from engaging in continued violations of Va. Code § 18.2-152.3.

## COUNT XIII
### Computer Invasion of Privacy
### Va. Code § 18.2-152.5 and § 18.2-152.12
### (Defendant and Does 1-10)

129.　　　Plaintiffs repeat and re-allege each of the above allegations in this Amended Complaint as though set forth fully herein.

130.　　　GPP's Chief Executive Officer, Ms. Friess Yessin, is a resident of the Commonwealth of Virginia and this District and maintained the GPP-provided laptop computer in her home for communication with GPP executives and personnel, GPP's customers and GPP's business partners as well as for personal communications.

131.　　　Defendants used the GPP computer and email system "without authority," as that term is defined in Va. Code Ann. § 18.2.152.2, by improperly using Ms. Friess Yessin's password to access GPP property, including the GPP computer, email system and computer network.

132.　　　Without authority, Defendants individually and collectively intentionally used the computer, email system and computer network provided by GPP to Ms. Friess Yessin, for use at her home, to examine financial, personal and privileged information relating to GPP, its officers and employees, and/or Ms. Friess Yessin.

133.　　　Defendants individually and collectively used the computer, email system and computer network provided by GPP to Ms. Friess Yessin in an unauthorized context, where they knew or should have known that they lacked authority to do.

134.　　　Defendants' actions constitute Computer Invasion of Privacy, and are a violation of Va. Code Ann. § 18.2-152.5.

135.    Defendants' acts have caused damages to Ms. Friess Yessin, GPP, and GPP's computer, email system and computer network in amounts to be proven at trial.

136.    Specifically, Ms. Friess Yessin suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  Ms. Friess Yessin also has incurred losses in her bargaining position in the divorce proceedings against Defendant, as her settlement integrity has been compromised by Defendants' unlawful interception and surveillance of her privileged communications with her attorney.

137.    GPP suffered actual damages, including the cost of responding to Defendants' offenses, conducting damage assessments, guarding against future intrusions, incurring attorneys' fees in responding to and protecting against further intrusions, which attempts are ongoing.  GPP's damages include not only pecuniary injury, but also the loss of its confidential and proprietary information.

138.    As a result of Defendants' collective and individual violation of Va. Code § 18.2-152.5, Defendants are individually and collectively liable to Plaintiffs for any actual and compensatory damages, lost profits, and for Plaintiffs' costs of suit in accordance with Va. Code Ann. § 18.2-152.12.

139.    Defendants threaten to continue to engage in the unlawful access of GPP's computer, email system and computer network computer and/or Ms. Friess Yessin's communications as complained of herein, and unless restrained and enjoined will continue to do so, impairing Plaintiffs' ability to conduct business and causing Plaintiffs irreparable damage. Without discovery it is impossible to fully ascertain the amount of compensation that could afford Plaintiffs adequate relief for Defendants' continuing unlawful acts.  Plaintiffs' remedy at law is, therefore, inadequate to compensate for the injuries threatened.  Plaintiffs are therefore

entitled to preliminary and permanent injunctions prohibiting Defendants from engaging in continued violations of Va. Code § 18.2-152.5.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs GPP and Ms. Friess Yessin pray for the following relief:

1.      That judgment be entered in their favor granting preliminary and permanent injunctive relief against Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them who receive actual notice of any Order, enjoining them directly or indirectly from:

   a.  Intercepting any communications or documents from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

   b.  Obtaining any communications or documents in electronic storage from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

   c.  Using any communications or documents from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

   d.  Disclosing the contents of any communications or documents from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

   e.  Surveilling any communications or documents from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

   f.  Acquiring, compiling, using or transferring any proprietary, confidential,

financial, privileged or personal information of GPP and/or Ms. Friess Yessin;

    g.   Otherwise obtaining, without authorization, any information, communications, or documents from the GPP computer network or Ms. Friess Yessin's GPP email account and/or any other email account held by Plaintiffs;

2.     That judgment be entered in their favor awarding Plaintiffs statutory, actual/compensatory, proximate, and punitive damages based on Defendants' violations of the Federal Computer Fraud and Abuse Act (18 U.S.C. §1030 *et. seq.*), Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. § 2511 *et. seq.*), Title II of the Electronic Communications Privacy Act (the Stored Communications Act), 18 U.SC. § 2701 *et seq.*, Virginia Code Ann. §§ 18.2-152.3; -152.4; -152.5 and -152.12, and § 19.2-62 and -69, in excess of $750,000;

3.     That judgment be entered in their favor awarding Plaintiffs all their attorneys' fees and costs associated with prosecuting this action;

4.     Pre and post-judgment interest; and

5.     That the Court grant such other and further equitable and legal relief that the Court may deem just and appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all claims so triable.

Dated: September 17, 2009                     Respectfully Submitted,

                                              **PLAINTIFFS**
                                              By Counsel

                                              _____/s/_____

                                              Bernard J. DiMuro, Esq.
                                              Virginia State Bar # 18784
                                              Stephen L. Neal, Jr., Esq.
                                              (*pro hac vice*)
                                              Stacey Rose Harris, Esq.
                                              Virginia State Bar #65887
                                              *Counsel for Plaintiffs*
                                              DiMuroGinsberg, P.C.
                                              908 King Street, Suite 200
                                              Alexandria, VA 22314
                                              Phone: (703) 684-4333
                                              Fax: (703) 548-3181
                                              E-Mails: bdimuro@dimuro.com;
                                              sneal@dimuro.com; sharris@dimuro.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2009, I electronically filed the foregoing Plaintiffs' Amended Complaint with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record:

Charles M. Sims, Esq.
*Counsel for Defendants*
LeClairRyan
951 East Byrd Street, 8th Floor
Richmond, VA 23219
Phone: (804) 343-5091
Fax: (804) 783-7655
Email: charles.sims@leclairryan.com;

C. Matthew Haynes, Esq.
*Counsel for Defendants*
LeClairRyan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Phone: (703) 647-5919
Fax: (703) 647-5989
Email: matthew.haynes@leclair.com

                          /s/
_____
Bernard J. DiMuro, Esq.
Virginia State Bar # 18784
Stephen L. Neal, Jr., Esq.
(*pro hac vice*)
Stacey Rose Harris, Esq.
Virginia State Bar #65887
*Counsel for Plaintiffs*
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
E-Mails: bdimuro@dimuro.com;
sneal@dimuro.com; sharris@dimuro.com