IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

GLOBAL POLICY PARTNERS, LLC )
*et al.,* )
    )
           Plaintiffs, )     **Case No. 1:09CV859**
    )     **TSE-TRJ**
v. )
    )
BRENT YESSIN )
*et al.,* )
    )
           Defendants. )

### GLOBAL POLICY PARTNERS, LLC'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Global Policy Partners, LLC ("Plaintiff" or "GPP"), by and through its undersigned counsel, submits its Objections and Responses to Defendant's First Set of Interrogatories ("the Interrogatories") and Document Requests (the "Requests") as follows:

### GENERAL OBJECTIONS

1.     Plaintiff objects to the Interrogatories and Requests on the ground that they seek production of attorney-client privileged or other privileged information and/or attorney work-product.

2.     Plaintiff objects to the Instructions of the Interrogatories to the extent they purport to exceed the scope and requirements of Fed. R. Civ. P. 33.

### SPECIFIC OBJECTIONS TO INTERROGATORIES

1.     Identify each Person who participated in any way in preparing responses to the Interrogatories propounded in this matter.



**ANSWER:**   Subject to, and without waiving, the general objections set forth above, Plaintiff states: Katherine Friess Yessin, Stacey Rose Harris, Esq., Stephen L. Neal, Jr., Esq.

2.      Identify all Persons known to You to possess knowledge of facts, claims, causes of action, allegations, or contentions contained in the Complaint.   For each such Person identified, set forth a description of the knowledge or information that You believe the Person possess.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Interrogatory on the ground that it is compound in that it asks multiple questions.   Plaintiff further objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome.   Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:

| NAME/ADDRESS |
|---|
| **Chandler, David**-Part of GPP's team on the India project.  **Defendant continues to attempt to destroy Plaintiffs' relationship with GRA and dissuade Chandler from working on the India project.**<br>Gleason Research Associates<br>GRA, Inc.<br>5030 Bradford Drive NW<br>Building One, Suite 220<br>Huntsville, Alabama 35805 |

| NAME/ADDRESS |
| --- |
| Phone: 256.883.7000 |
| **Clarke, Philip K, Esq.-Knowledge of Defendant's outside corporate matters.**<br>Kass, Shuler, Solomon, Spector, Foyle & Singer, PA<br>1505 N. Florida Avenue<br>Tampa, FL 33601<br><br>Phone: 813-229-0900<br>Fax: 813-229-3323 |
| **Cusack, James "Jim", Esq.-Witness to various statements made by Defendant regarding facts related to this litigation.**<br>One Tampa City Center, Suite 1825<br>Tampa, FL 33602<br><br>Phone: (813) 226-0159<br>Fax: (813) 233-1276<br>Cell: (813) 784-9005<br>Emails: jictampa@yahoo.com; jimcusack.tampa@gmail.com; Jim@ModusHealthcare.com |
| **Friess, Katherine-Plaintiff**<br>1616 Rhodes Street<br>Arlington, VA 22209 |
| **Glover, Juleanna Ruth- Witness to various statements made by Defendant regarding facts related to this litigation.**<br>2146 Wyoming Ave. NW<br>Washington, DC 20008 |
| **Hageman, Jon-former IT consultant for Defendant and GPP, knowledge of Defendant's attempt to gain access into GPP email accounts.**<br>President<br>The Logical Web Company, Inc.<br>1704 W. North B St.<br>Tampa, FL 33606<br><br>Phone: 813-319-2493<br>Fax: 813-288-0667 |
| **Hochschwender, George-Private concierge for Defendant in Florida.  Has knowledge of Defendant's business and personal affairs.**<br>Premier Concierge, Inc.<br>Cell: (813) 240-5307<br>Email: George19431@aol.com |

| NAME/ADDRESS |
| --- |
| |
| **Mattu, Lalit-Plaintiffs' Indian partner and contact with the Indian government on the India project.**<br>CEO<br>ESSEM High-Tech<br>196-A, HSIDC, Udyog Vihar Ph-VI, Gurgaon-122 001<br>Harayana, India<br><br>Phone: +919-810-0644 |
| **Mattu, Rohini, DR., CEO SHER TECH; CEO REPI, LLC- Part of India Team for Essem High Tech; Brent Yessin's Partner on REPI; Witness to statements made by Brett Scott on behalf of Defendant in attempts to interfere with India project.**<br><br>Email: rohinikmattu@aol.com<br>Phone: (240) 912-4382 |
| **McRae, E. Ashley, Esq.-attorney for Logical Web Co., knowledge of Defendant's attempt to gain access into GPP email accounts.**<br>Carey, O'Malley, Whitaker & Mueller, P.A.<br>712 S. Oregon Avenue<br>Tampa, Florida 33606<br><br>Phone: 813.250.0577<br>Fax: 813.250.9898 |
| **MODUS Healthcare International, LLC-Business of Defendant, witness to various statements made by Defendant regarding facts related to this litigation.**<br>One Tampa City Center, Suite 1825<br>Tampa, FL 33602<br>P 813-225-1777 |
| **Scott, Brett-Consultant to GPP; may claim a finder's fee for India project; has been probing for information on project from Rohini Mattu. Partners with Defendant Yessin in REPI energy. May have knowledge of Defendant's effort to undermine India project.**<br><br>CEO, Capitol Coalitions<br>Partner, REPI<br>125 3rd Street NE<br>Washington, DC 20002 |

| NAME/ADDRESS |
| --- |
| Cell: 202-386-3232 |
| **Weiss, Jeffrey, C.**<br>2323 Tracy Place<br>Washington, D.C. 20008 |
| **Yessin & Associates, LLC-Business of Defendant**<br>One Tampa City Center, Suite 1825<br>Tampa, FL 33602<br>P 813-225-1777 |
| **Yessin, Brent-Defendant, knowledge of criminal and tortious acts that he committed as alleged in Complaint.**<br>3215 Parkland Boulevard<br>Tampa, FL 33609<br><br>Phone: (813) 508-5006<br>Emails: BrentYessin@hotmail.com; BrentYessin@gmail.com; Brent@ModusHealthcare.com |

In addition, the following individuals possess knowledge of the fact of Ms. Friess Yessin's divorce from Defendant, as well as of his intrusion into her email account:

Robb Watters
Blair Watters
Melanie Artz
Julianne Forrest
Denise Burgess
Alyson Therrien
Mimi McDowell
Costa Littas
Dana Johnson
Kent DeGroot
Frank Lesieur
Chuck Krallman
Eric Thompson
Her mother, father, brother and sister.

3.    Identify each document containing confidential, proprietary business, or personal information belonging to Global that you contend Brent Yessin reviewed, surveyed or copied.

(Please provide electronic copies of these documents in a load file with the following metadata fields: application, attachment, bcc, cc, date created, date received, date saved, date sent, to, from and subject.)

**OBJECTION:**

      Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff objects to this Interrogatory on the ground that it is premature. Plaintiff further objects to this Interrogatory on the ground that it is burdensome. Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

      Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: Plaintiff suspects that Defendant accessed and read nearly every email and document in Ms. Friess Yessin's inbox and outbox, beginning at the commencement of her marriage and up through at least June 25, 2009, the date on which she again changed her password. Defendant may have unlawfully accessed other email accounts and documents as well. These emails include Ms. Friess Yessin's privileged attorney-client communications with Stephen L. Neal, Jr., Esq., who provided legal advice regarding her divorce, as well as confidential business communications regarding potential work in India and other projects related to GPP. However, prior to receiving Defendant's discovery responses and analyzing the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify any document with certainty prior to confirming precisely which documents Defendant accessed and reviewed. Plaintiff will supplement this response once it learns precisely which emails and documents Defendant accessed and reviewed.

4.    For each document listed in response to Interrogatory No. 3, specifically state the loss or damage you incurred as a result of the review, surveillance or copying by Brent Yessin of the documents.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff objects to this Interrogatory on the ground that it is premature.  Plaintiff further objects to this Interrogatory on the ground that it is burdensome.  Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  Once Plaintiff receives the discovery to which it is entitled, as described in the answer to Interrogatory No. 3, it will be able to fully describe the damages it incurred as a result of Defendant's unlawful surveillance.  Plaintiff will supplement this response at that time.

5.    Identify each document containing confidential, proprietary business, or personal information belonging to Mrs. Kathryn Yessin that You contend Brent Yessin reviewed, surveyed or copied. (Please provide electronic copies of these documents in a load file with the following metadata fields: application, attachment, bcc, cc, date created, date received, date saved, date sent, to, from and subject.)

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff objects to this Interrogatory on the ground that it is premature.  Plaintiff further objects to this

Interrogatory on the ground that it is burdensome. Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: Plaintiff suspects that Defendant accessed and read nearly every email and document in Ms. Friess Yessin's inbox and outbox, beginning at the commencement of her marriage and up through at least June 25, 2009, the date on which she again changed her password. Defendant may have unlawfully accessed other email accounts and documents as well. These emails include Ms. Friess Yessin's privileged attorney-client communications with Stephen L. Neal, Jr., Esq., who provided legal advice regarding her divorce, as well as confidential business communications regarding potential work in India and other projects related to GPP. However, prior to receiving Defendant's discovery responses and analyzing the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify any document with certainty prior to confirming precisely which documents Defendant accessed and reviewed. Plaintiff will supplement this response once it learns precisely which emails and documents Defendant accessed and reviewed.

6. For each document listed in response to Interrogatory No. 5, specifically state the loss or damage you incurred as a result of the review, surveillance or copying by Brent Yessin of the documents.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff objects to this Interrogatory on the ground that it is premature. Plaintiff further objects on the

8

ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: Once Plaintiff receives the discovery to which it is entitled, as described in the answer to Interrogatory No. 5, it will be able to fully describe the damages it incurred as a result of Defendant's unlawful surveillance. Plaintiff will supplement this response at that time.

7.    Describe in detail the means by which you contend Brent Yessin broke into Mrs. Katherine Yessin's email account with Global.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature. Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**    Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: Only Defendant knows the way in which he unlawfully broke into Ms. Friess Yessin's email accounts. He was not authorized to access any GPP account.

**SUPPLEMENTAL ANSWER:**    In December 2008, Ms. Friess Yessin had difficulties with her email system while she was abroad. She contacted her IT Administrator, Jon Hageman to assist with the problem. In fixing the problem, it was deemed necessary to change her password. The password was then changed from Global1 to Global2. She discussed this with Jon Hageman, and he confirmed the change via email to Ms. Friess Yessin. This password was intentionally not provided to anyone other than Ms. Friess Yessin. Defendant apparently discovered this password as well, and he continued his unauthorized access of Ms. Friess Yessin's GPP account.

Plaintiff will further supplement this response as necessary after the conclusion of the forensic analysis of defendant's computer.

8.    Describe in detail all policies, procedures and other measures Global has taken since its inception to safeguard its computer records, email accounts and passwords.

**ANSWER:**    Subject to, and without waiving, the general objections set forth above, Plaintiff states: GPP has changed its web hosting, domain names, passwords, and Information Technology manager. GPP has encrypted its website.

**SUPPLEMENTAL ANSWER:**    Prior to Defendant's unauthorized access, GPP protected its confidential and proprietary information by giving each authorized user an email account, a user name, and a password. Defendant was not an authorized user and therefore was not given an email account, user name, or password. After obtaining a password, the authorized user could thereafter change that password.

9.    Identify the username and password you contend Brent Yessin utilized to access Mrs. Katherine Yessin's email account with Global.

**ANSWER:**    Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:   Katherine@GPPwashington.com;  Global2.  Discovery will reveal if Defendant accessed other accounts as well.

10.    State each item of damage you contend Brent Yessin caused Global to incur and the amount you attribute to that item, and describe the method by which you calculate or value the damage.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature. Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: Plaintiff has incurred damages as alleged in the Complaint, including costs to engage technology experts to investigate intrusions and secure Plaintiffs' email accounts and documents, which to date include:

-$4,500 in setting up a new website and email system

-$500 fee to register to purchase a domain name

-$926 in establishing new domain name of globalpolicypartnersllc.com with Network Solutions

-$499 in establishing new domain name of globalpolicypartners.com with Network Solutions

-Attorneys' fees and costs incurred since Defendant's unlawful activity came to light, to date, in an amount in excess of $100,000.

In addition, Ms. Friess Yessin suffered loss of income in the amount of at least $27,500 by spending more than 50 hours of her time, for which she billed $550 an hour, investigating Defendant's intrusions, securing the website, and transferring the website and the emails. Plaintiff also has suffered reputation damage as a result of a Washington Post article, which was instigated by Defendant. In addition, I have suffered loss associated with Defendant's intentional tortious interference with GPP's project with India and perhaps other projects.

Plaintiff also is entitled to statutory, actual/compensatory damages, proximate damages, economic damages (which include, but are not limited to, lost profits, lost goodwill, damage to

reputation, and impairment of value to property), and punitive damages based on Defendant's unlawful surveillance.

Potentially millions of dollars in additional actual/compensatory damages, proximate damages, and lost profits based on Defendant's unlawful surveillance of Plaintiff's confidential, proprietary, and privileged information, and the use of this information to harm Plaintiff with its existing and potential clients, customers and business partners, including the India project.

Since only Defendant knows the extent of his wrongful conduct and with whom he shared Plaintiff's confidential, proprietary and privileged information, Plaintiff's damages can not be stated with precision until Defendant fully complies with Plaintiff's discovery requests and there is expert analysis of Defendant's computer(s). Plaintiff will supplement this response once it learns precisely which emails and documents Defendant accessed and reviewed and what he did with them.

11.     State in detail (including the date and participants) the substance of all communications You had with anyone related to Brent Yessin's alleged unauthorized access to Global's computer or email account.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff further objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Interrogatory on the ground that it is overbroad.

**ANSWER:**   Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  Plaintiff is a Florida Limited Liability Company and, as such, does not communicate with people.

**SUPPLEMENTAL ANSWER:**   Subject to the Answer and objections above, Plaintiff states:  On behalf of GPP, Ms. Friess Yessin communicated with Jon Hageman concerning Defendant's unauthorized access of GPP's computers and email accounts and security measures needed to be taken to prevent Defendant's further access.

12.   State in detail the basis for your assertion that Brent Yessin has impaired the condition, quality and value of the Global computer system.

**ANSWER:**   Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  *See* Response to Interrogatory No. 10.

13.   Describe in detail each action Global took to investigate the alleged unlawful interception and surveillance of electronic communications by Brent Yessin.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Interrogatory on the ground that it is overbroad.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  GPP's CEO, Ms. Friess Yessin, compared Defendant's communications with her communications with her counsel.  She changed her password.  She spoke with Plaintiffs'

13

counsel. She called GPP's IT specialist, Jon Hageman. She called go-daddy.com. She reviewed her other email accounts. She changed her hotmail account. She deduced that Defendant accessed her gmail account when she received IP addresses listing access times on the website.

**SUPPLEMENTAL ANSWER:**    Ms Friess Yessin's Gmail account has a feature that identifies approximately the last five IP addresses which accessed the account. In June 2009, she discovered IP addresses that were not hers. Each time the Gmail account is accessed, the oldest of the previous IP addresses is deleted from Gmail. When she checked the account again in September, there were new IP addresses, even though she had not accessed the account since June.

14.    State in detail the basis for your allegation that "[s]ome of the correspondence that was intercepted and surveilled [sic] by the Defendant was acquired during the course of its transmission."

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: Defendant has admitted to reviewing correspondence in GPP email accounts. Plaintiff will not be able to determine whether these emails were intercepted during transmission or otherwise or both until its expert completes the forensic analysis of Defendant's computer.

15.    State in detail the facts upon which You relied to assert that as a result of "Defendants' individual and collective violations of 18 U.S.C. § 2511, Defendants, including and collectively, made profits." (¶ 52 of Am. Compl.)

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: This claim has been dismissed.

16.   Identify all actions Global has taken to investigate the alleged unlawful access of Global's computers by Brent Yessin.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the ground that it is overbroad.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: *See* Response to Interrogatory No. 13.

17.   Identify the Company that hosts Global's computer and/or email system.

**OBJECTION:**      Plaintiff objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER:**   Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:   Plaintiff's system has been hosted by various companies.   Once Defendant advises Plaintiff of when he started and stopped the unlawful surveillance, Plaintiff will supplement this response.

**SUPPLEMENTAL ANSWER:**     The most recent host for GPP's computer and email system was godaddy.com. Prior to that GPP used Applied Innovations and 1and1 as hosts.

18.    Identify all persons You have retained for the purpose of presenting evidence under Federal Rule of Evidence 702, 703 or 705, and provide the information required by Federal Rule of Civil Procedure 26(a)(2)(B).

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  Plaintiff has retained Turris LLC and will provide expert materials as required by the Federal Rules, Local Rules, and the Court's Scheduling Order.

19.    Identify all persons who You intend to offer evidence pursuant to Federal Rule of Evidence 701, and state the opinion that the witness will offer and the basis of the opinion.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  Plaintiff will supplement her response as required by the Federal Rules, Local Rules, and the Court's Scheduling Order.

Dated: November 23, 2009

Respectfully Submitted,

**GLOBAL POLICY PARTNERS, LLC**
By Counsel

Bernard J. DiMuro, Esq.
Virginia State Bar # 18784
Stephen L. Neal, Jr., Esq. (*pro hac vice*)
Stacey Rose Harris, Esq.
Virginia State Bar #65887
Stephen J. Stine, Esq.
Virginia State Bar #66738
*Counsel for Plaintiff Global Policy Partners, LLC*
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
E-Mails: bdimuro@dimuro.com;
sneal@dimuro.com; sharris@dimuro.com

17

## __VERIFICATION__

Under penalty of perjury, I swear and affirm that the foregoing Plaintiff's Global

Policy Partners, LLC's Objections and Supplemental Responses to Defendant's First Set

of Interrogatories and Requests for Production of Documents are true and correct to the

best of my knowledge, information and belief.


_____                    _____
Katherine Friess                                                    November 23, 2009
On behalf of Global Policy Partners, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by e-mail this 23rd day of November, 2009 to the following counsel of record:

Charles M. Sims, Esq.
*Counsel for Defendants*
LeClairRyan
951 East Byrd Street, 8th Floor
Richmond, VA 23219
Phone: (804) 343-5091
Fax: (804) 783-7655
Email: charles.sims@leclairryan.com;

C. Matthew Haynes, Esq.
*Counsel for Defendants*
LeClairRyan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Phone: (703) 647-5919
Fax: (703) 647-5989
Email: matthew.haynes@leclair.com

_____
Bernard J. DiMuro, Esq.
Virginia State Bar # 18784
Stephen L. Neal, Jr., Esq. (*pro hac vice*)
Stacey Rose Harris, Esq.
Virginia State Bar #65887
Stephen J. Stine, Esq.
Virginia State Bar #66738
*Counsel for Plaintiff Global Policy Partners, LLC*
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
E-Mails: bdimuro@dimuro.com;
sneal@dimuro.com; sharris@dimuro.com

18