## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (ALEXANDRIA DIVISION)

| | | |
|---|---|---|
| **GLOBAL POLICY PARTNERS, LLC** *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:09CV859 **TSE-TRJ** |
| **v.** | ) ) | |
| **BRENT YESSIN** *et al.*, | ) ) ) | |
| Defendants. | ) | |

### KATHERINE FRIESS YESSIN'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

### INTERROGATORIES

Plaintiff Katherine Friess Yessin ("Plaintiff" or "Ms. Friess Yessin"), by and through her undersigned counsel, submits her Objections and Responses to Defendant's First Set of Interrogatories ("the Interrogatories") and Document Requests (the "Requests") as follows:

### GENERAL OBJECTIONS

1.     Plaintiff objects to the Interrogatories and Requests on the ground that they seek production of attorney-client privileged or other privileged information and/or attorney work-product.

### SPECIFIC OBJECTIONS TO INTERROGATORIES

1.     Identify each Person who participated in any way in preparing responses to the Interrogatories propounded in this matter.

**ANSWER:**



Subject to, and without waiving, the general objections set forth above, Plaintiff states: Katherine Friess Yessin, Stacey Rose Harris, Esq., Stephen L. Neal, Jr., Esq.

2.      Identify all Persons known to You to possess knowledge of facts, claims, causes of action, allegations, or contentions contained in the Complaint.   For each such Person identified, set forth a description of the knowledge or information that You believe the Person possesses.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff further objects to this Interrogatory on the ground that it is compound in that it asks multiple questions.  Plaintiff further objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome.  Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:

| NAME/ADDRESS |
|---|
| **Chandler, David-Part of GPP's team on the India project.  Defendant continues to attempt to destroy Plaintiffs' relationship with GRA and dissuade Chandler from working on the India project.**<br>Gleason Research Associates<br>GRA, Inc.<br>5030 Bradford Drive NW<br>Building One, Suite 220<br>Huntsville, Alabama 35805 |

| NAME/ADDRESS |
|---|
| Phone: 256.883.7000 |
| **Clarke, Philip K, Esq.-Knowledge of Defendant's outside corporate matters.**<br>Kass, Shuler, Solomon, Spector, Foyle & Singer, PA<br>1505 N. Florida Avenue<br>Tampa, FL 33601<br><br>Phone: 813-229-0900<br>Fax: 813-229-3323 |
| **Cusack, James "Jim", Esq.-Witness to various statements made by Defendant regarding facts related to this litigation.**<br>One Tampa City Center, Suite 1825<br>Tampa, FL 33602<br><br>Phone: (813) 226-0159<br>Fax: (813) 233-1276<br>Cell: (813) 784-9005<br>Emails: jjctampa@yahoo.com; jimcusack.tampa@gmail.com;<br>Jim@ModusHealthcare.com |
| **Friess, Katherine-Plaintiff**<br>1616 Rhodes Street<br>Arlington, VA 22209 |
| **Glover, Juleanna Ruth- Witness to various statements made by Defendant regarding facts related to this litigation.**<br>2146 Wyoming Ave. NW<br>Washington, DC 20008 |
| **Hageman, Jon-former IT consultant for Defendant and GPP, knowledge of Defendant's attempt to gain access into GPP email accounts.**<br>President<br>The Logical Web Company, Inc.<br>1704 W. North B St.<br>Tampa, FL 33606<br><br>Phone: 813-319-2493<br>Fax: 813-288-0667 |
| **Hochschwender, George-Private concierge for Defendant in Florida.  Has knowledge of Defendant's business and personal affairs.**<br>Premier Concierge, Inc.<br>Cell: (813) 240-5307 |

| NAME/ADDRESS |
|---|
| Email: George19431@aol.com |

**Mattu, Lalit-Plaintiffs' Indian partner and contact with the Indian government on the India project.**
CEO
ESSEM High-Tech
196-A, HSIDC, Udyog Vihar Ph-VI, Gurgaon-122 001
Harayana, India

Phone: +919-810-0644

**Mattu, Rohini, DR., CEO SHER TECH; CEO REPI, LLC- Part of India Team for Essem High Tech; Brent Yessin's Partner on REPI; Witness to statements made by Brett Scott on behalf of Defendant in attempts to interfere with India project.**

Email: rohinikmattu@aol.com
Phone: (240) 912-4382

**McRae, E. Ashley, Esq.-attorney for Logical Web Co., knowledge of Defendant's attempt to gain access into GPP email accounts.**
Carey, O'Malley, Whitaker & Mueller, P.A.
712 S. Oregon Avenue
Tampa, Florida 33606

Phone: 813.250.0577
Fax: 813.250.9898

**MODUS Healthcare International, LLC-Business of Defendant, witness to various statements made by Defendant regarding facts related to this litigation.**
One Tampa City Center, Suite 1825
Tampa, FL 33602
P 813-225-1777

**Scott, Brett-Consultant to GPP; may claim a finder's fee for India project; has been probing for information on project from Rohini Mattu. Partners with Defendant Yessin in REPI energy. May have knowledge of Defendant's effort to undermine India project.**

CEO, Capitol Coalitions
Partner, REPI
125 3rd Street NE
Washington, DC 20002

| NAME/ADDRESS |
|---|
| Cell: 202-386-3232 |
| **Weiss, Jeffrey, C.**<br>2323 Tracy Place<br>Washington, D.C. 20008 |
| **Yessin & Associates, LLC-Business of Defendant**<br>One Tampa City Center, Suite 1825<br>Tampa, FL 33602<br>P 813-225-1777 |
| **Yessin, Brent-Defendant, knowledge of criminal and tortious acts that he committed as alleged in Complaint.**<br>3215 Parkland Boulevard<br>Tampa, FL 33609<br><br>Phone: (813) 508-5006<br>Emails: BrentYessin@hotmail.com; BrentYessin@gmail.com; Brent@ModusHealthcare.com |

In addition, the following friends, family and acquaintances possess knowledge of the fact of my divorce from Defendant, as well as of his intrusion into my email account:

Robb Watters
Blair Watters
Melanie Artz
Julianne Forrest
Denise Burgess
Alyson Therrien
Mimi McDowell
Costa Littas
Dana Johnson
Kent DeGroot
Frank Lesieur
Chuck Krallman
Eric Thompson
My mother, father, brother and sister.

3.     Identify each document containing confidential, proprietary business, or personal information belonging to Mrs. Katherine Yessin that You contend Brent Yessin reviewed, surveyed or copied. (Please provide electronic copies of these documents in a load file with the following metadata fields: application, attachment, bcc, cc, date created, date received, date saved, date sent, to, from and subject.)

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff objects to this Interrogatory on the ground that it is premature.  Plaintiff further objects to this Interrogatory on the ground that it is burdensome.  Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  Plaintiff suspects that Defendant accessed and read nearly every email and document in her inbox and outbox, beginning at the commencement of her marriage and up through at least June 25, 2009, the date on which she again changed her password.  Defendant may have unlawfully accessed other email accounts and documents as well.  These emails include her privileged attorney-client communications with Stephen L. Neal, Jr., Esq., who provided legal advice regarding her divorce, as well as confidential business communications regarding potential work in India and other projects related to GPP.  However, prior to receiving Defendant's discovery responses and analyzing the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify any document with certainty prior to confirming precisely which documents Defendant accessed and reviewed.     Plaintiff will

supplement this response once she learns precisely which emails and documents Defendant accessed and reviewed.

4.      For each document listed in response to Interrogatory No. 3, specifically state the loss or damage you incurred as a result of the review, surveillance or copying by Brent Yessin of the documents.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff objects to this Interrogatory on the ground that it is premature.   Plaintiff further objects to this Interrogatory on the ground that it is burdensome.   Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: Once Plaintiff receives the discovery to which she is entitled, as described in the answer to Interrogatory No. 3, she will be able to fully describe the damages she incurred as a result of Defendant's unlawful surveillance.   Plaintiff will supplement this response at that time.

5.      Describe in detail the means by which You contend Brent Yessin broke into your email account with Global.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature.   Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  Only Defendant knows the way in which he unlawfully broke into my email accounts.  He was not authorized to access any GPP account and I did not save a password of mine on any computer, including my own.

6.      Describe in detail all steps You took to safeguard your computer records, email accounts and passwords.

**OBJECTION:**

**ANSWER:**

Subject to, and without waiving, the general objections set forth above, Plaintiff states: My laptop has a fingerprint recognition keypad on it.  I periodically change my passwords.  The GPP password was not written down.  My laptop is password protected, separate from my email account.  My new email account is encrypted.

7.      State each item of damage you contend Brent Yessin caused You to incur and the amount you attribute to that item, and describe the method by which you calculate or value the damage.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature.   Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: *See* Response to Interrogatory No. 3. In addition, Plaintiff has incurred damages

as alleged in the Complaint, including costs to engage technology experts to investigate intrusions and secure Plaintiffs' email accounts and documents, which to date include:

-$4,500 in setting up a new website and email system

-$500 fee to register to purchase a domain name

-$926 in establishing new domain name of globalpolicypartnersllc.com with Network Solutions

-$499 in establishing new domain name of globalpolicypartners.com with Network Solutions

-Attorneys' fees and costs incurred since Defendant's unlawful activity came to light, to date, in an amount in excess of $100,000.

In addition, I have suffered loss of income in the amount of at least $27,500  by spending more than 50 hours of my time, for which I bill $550 an hour, investigating Defendant's intrusions, securing the website, and transferring the website and the emails.  I also have suffered reputation damage as a result of a <u>Washington Post</u> article, which was instigated by Defendant. In addition, I have suffered loss associated with Defendant's intentional tortious interference with GPP's project with India and perhaps other projects.

Plaintiff also is entitled to statutory, actual/compensatory damages, proximate damages, economic damages (which include, but are not limited to, lost profits, lost goodwill, damage to reputation, and impairment of value to property), and punitive damages based on Defendant's unlawful surveillance.

Potentially millions of dollars in additional actual/compensatory damages, proximate damages, and lost profits based on Defendant's unlawful surveillance of Plaintiff's confidential, proprietary, and privileged information, and the use of this information to harm Plaintiff with her existing and potential clients, customers and business partners, including the India project.

9

All damages related to losses in my bargaining position in the divorce proceedings against Defendant, as my settlement integrity has been compromised by Defendant's unlawful surveillance of my privileged communications with my counsel.

Since only Defendant knows the extent of his wrongful conduct and with whom he shared Plaintiff's confidential, proprietary and privileged information, my damages can not be stated with precision until Defendant fully complies with Plaintiff's discovery requests and there is expert analysis of Defendant's computer(s). I will supplement this response once I learn precisely which emails and documents Defendant accessed and reviewed and what he did with them.

8.     State in detail (including the date and participants) the substance of all communications You had with anyone related to Brent Yessin's alleged unauthorized access to Global's computer or email account.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the ground that it is overbroad.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:   I have had numerous conversations with friends and family regarding Defendant's unlawful access to my email account(s).   I cannot recall the detail of those conversations.   I spoke with Jon Hageman about Defendant's actions in July 2009, when

10

Defendant attempted to gain access to my GPP email account through Mr. Hageman and his attorney, Ashley McRae, Esq.

9.      Describe in detail each action You took to investigate the alleged unlawful interception and surveillance of electronic communications by Brent Yessin.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Interrogatory on the ground that it is overbroad.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: I compared Defendant's communications with me to my communications with my counsel. I changed my password. I spoke with my counsel. I called GPP's IT specialist, John Hageman. I called go-daddy.com. I reviewed my other email accounts. I changed my hotmail account password. I deduced that Defendant accessed my gmail account by reviewing IP addresses listing access times on the website.  I tried to move my cell phone number of 15 years to my new address and discovered from AT&T, my cell phone carrier, that Defendant had removed my name from our joint AT&T account and had added Rick Brown as a co-signer to the account.  I also learned that he added password protection to that account.  I requested that Defendant change the mailing address on my AT&T cell account and he responded something to the effect, "If you want it so badly you can add it as a negotiating point in the settlement discussions."

10.    Identify all actions You took to investigate the alleged unlawful access of Global's computers by Brent Yessin.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff further objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory on the ground that it is overbroad.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: *See* Response to Interrogatory No. 9.

11.    Specifically identify each document containing information You believe is protected by the attorney-client privilege that You contend Brent Yessin reviewed, surveyed, copied, or retrieved from your email account.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff further objects to this Interrogatory on the ground it is premature.  Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  I suspect that Defendant reviewed, surveyed, copied, and/or retrieved every

12

email between myself and my attorneys, Stephen L. Neal, Jr. and Jim Knox, Esq. and Mr.
Knox's assistant, Debbie Heaton, that Defendant was able to access. However, prior to receiving
Defendant's discovery responses and analyzing the results of the computer forensic analysis
being performed on his computer, I cannot identify any document with certainty prior to
confirming precisely which documents Defendant accessed and reviewed.   I will supplement
this response once I learn precisely which emails and documents Defendant accessed and
reviewed and what he did with them.

12.     Specifically describe the divorce strategy that You contend was compromised by
Brent Yessin's alleged review, surveillance, copying or retrieval of emails from your Global
email account.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of
attorney-client privileged information or documents and/or attorney work-product.   Plaintiff
further objects to this Interrogatory on the ground that it seeks information that is neither relevant
nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further
objects on the grounds it is overbroad.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above,
Plaintiff states: I will respond more fully to this Interrogatory once a Protective Order is entered
by the Court. In summary, Defendant Yessin has obtained a decisively unfair advantage in the
divorce proceedings because by surveilling my attorney-client communications he now knows
my entire negotiating position. However, prior to receiving Defendant's discovery responses and
analyzing the results of the computer forensic analysis being performed on his computer, I

cannot identify which documents Defendant accessed and reviewed.   I will supplement this response once I learn precisely which emails and documents Defendant accessed and reviewed and what he did with them.

13.     Specifically describe the settlement strategy or position in your divorce that You contend was compromised by Brent Yessin's alleged review, surveillance, copying, or retrieval of emails from your Global email account.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff further objects to this Interrogatory on the ground it is premature.  Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: *See* Response to Interrogatory No. 12.

14.     Identify each correspondence between You and your counsel that You contend Brent Yessin intercepted, reviewed or surveyed, which had not yet been received and/or read by the intended recipient, as alleged in paragraph 17 of the Am. Complaint.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff further objects to this Interrogatory on the ground it is premature.  Plaintiff further objects on the

ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: I suspect that Defendant intercepted, reviewed and/or surveyed reviewed, every email between myself and my attorneys, Stephen L. Neal, Jr. and Jim Knox, Esq. and Mr. Knox's assistant, Debbie Heaton, that Defendant was able to access. However, prior to receiving Defendant's discovery responses and analyzing the results of the computer forensic analysis being performed on his computer, I cannot identify any document with certainty prior to confirming precisely which documents Defendant accessed and reviewed. I will supplement this response once I learn precisely which emails and documents Defendant accessed and reviewed and what he did with them.

15.   State in detail the facts upon which You form the belief that Brent Yessin intercepted, reviewed or surveyed correspondence between You and your counsel that You contend had not been received and/or read by the intended recipient.

**OBJECTION**:

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff objects to this Interrogatory on the ground that it is premature. Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: *See* Response to Interrogatory No. 14.

16.    State in detail all actions You took to prevent Brent Yessin from allegedly reviewing or surveying your emails following July 1, 2009.

**OBJECTION:**

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: I changed my passwords. I changed my email domain name. I changed my IT person. I changed my email host service. I encrypted emails and through my attorney sent a cease-and-desist letter.

17.    State the facts upon which You base your contention that Brent Yessin has obtained a "decisively unfair advantage in the pending divorce proceedings between him and Ms. Friess Yessin," as alleged in paragraph 26 of the Am. Complaint.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature.  Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: I will respond more fully to this Interrogatory once a Protective Order is entered by the Court.  In summary, Defendant Yessin has obtained a decisively unfair advantage in the divorce proceedings because by surveilling my attorney-client communications he now knows my entire negotiating position.  However, prior to receiving Defendant's discovery responses and

analyzing the results of the computer forensic analysis being performed on his computer, I cannot identify which documents Defendant accessed and reviewed.   I will supplement this response once I learn precisely which emails and documents Defendant accessed and reviewed and what he did with them.

18.     State the username and password that You contend Brent Yessin used to gain access to your Global email account.

**OBJECTION:**

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  Katherine@GPPwashington.com; Global2.  Discovery will reveal if Defendant accessed other accounts as well.

19.     Identify all computers You used a username and password to gain access to your Global email account and state whether You saved the username and password on that computer system.

**OBJECTION:**

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  I use my own computer, an IBM ThinkPad, which is usually with me.  I occasionally use a system at a hotel if I am traveling.  I do not store my password on any computer, even on my own computer.  I am not proficient with a Macintosh, which is what I believe the Defendant owns and uses.

20.     State the date You entered into an attorney-client relationship with your divorce lawyer, and provide the basis for your belief that an attorney-client relationship existed as of that date.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff further objects to this Interrogatory on the ground that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**ANSWER**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  I entered into an attorney-client relationship with Mr. Neal in May, 2009 and with Mr. Knox in June or July, 2009.

21.     Identify all persons You have retained for the purpose of presenting evidence under Federal Rule of Evidence 702, 703, or 705, and provide the information required by Federal Rule of Civil Procedure 26(a)(2)(B).

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature.

**ANSWER**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states:  Plaintiff has retained Turris LLC and will provide expert materials as required by the Federal Rules, Local Rules, and the Court's Scheduling Order.

22.     Identify all persons who You intend to offer evidence pursuant to Federal Rule of Evidence 701, and state the opinion that the witness will offer and the basis of the opinion.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it is premature.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states: Plaintiff will supplement her response as required by the Federal Rules, Local Rules, and the Court's Scheduling Order.

### SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

1.      All Documents and Communications that refer or relate to the facts, claims, causes of action, allegations, or contentions in the Complaint.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome. Plaintiff further objects on the grounds that the Request seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control. Plaintiff will not produce any documents that are protected by the attorney-client privilege or attorney work-product doctrine that Defendant accessed or reviewed until a Protective Order is entered by the Court. Until Plaintiff receives Defendant's discovery responses and an analysis of the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify all responsive documents.

2.      All Documents identified in Response to Interrogatory Nos. 3 and 11.

**OBJECTION:**

Plaintiff objects to this Interrogatory on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff objects to this Interrogatory on the ground that it is premature.  Plaintiff further objects to this Interrogatory on the ground that it is burdensome.  Plaintiff further objects on the ground that this Interrogatory seeks information in the possession, custody or control of Defendant.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.  Plaintiff will not produce any documents that are protected by the attorney-client privilege or attorney work-product doctrine that Defendant accessed or reviewed until a Protective Order is entered by the Court.   Until Plaintiff receives Defendant's discovery responses and an analysis of the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify all responsive documents.

3.      All Documents and Communications that You referred to or used in preparing Your answers to any interrogatory propounded in this case.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within her possession, custody or control.  Plaintiff will not produce any documents that are protected by the attorney-client privilege or attorney work-product doctrine that Defendant accessed or reviewed until a Protective Order is entered by the Court.   Until Plaintiff receives Defendant's discovery responses and an analysis of the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify all responsive documents.

4.     All Documents and Communications between You and Brent Yessin from January 1, 2008 to the present.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome. Plaintiff further objects on the ground that this Request seeks documents in the possession, custody or control of Defendant.

**RESPONSE**

Plaintiff will stand on her Objections.

5.     All Documents and Communications between, by, from or to You or any Member or Manager of Global regarding

a.   Brent Yessin's role, responsibility or duty as a Member or Manager of Global.

**OBJECTION:**

21

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

      b. The roles, responsibilities, duties or authority of any Member or Manager of Global.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

      c. Brent Yessin's actions in furtherance of Global's business.

**OBJECTION:**

22

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

      d.  Brent Yessin's role as General Counsel of Global.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff does not have possession, custody or control of any such documents.

      e.  Investments, loans or other capital contributions by any Member or Manager.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further

objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**:

Plaintiff will stand on her Objections.

    f.  Limitations on a Member or Manager's exercise of authority or duty in the business affairs of Global.

**OBJECTION**:

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.

**RESPONSE**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

    g.  Your divorce or pending divorce.

**OBJECTION**:

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE**:

Plaintiff will stand on her Objections.

    h.  Brent Yessin's alleged intercept or surveillance of your emails.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad. Plaintiff further objects on the ground that this Request seeks documents in the possession, custody or control of Defendant.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control. Plaintiff will not produce any documents that are protected by the attorney-client privilege or attorney work-product doctrine that Defendant accessed or reviewed until a Protective Order is entered by the Court. Until Plaintiff receives Defendant's discovery responses and an analysis of the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify all responsive documents.

       i.  The investigation into Brent Yessin's alleged intercept or surveillance of your emails.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

j.   This lawsuit, including the filing of this lawsuit.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.   Plaintiff will not produce any documents that are protected by the attorney-client privilege or attorney work-product doctrine that Defendant accessed or reviewed until a Protective Order is entered by the Court.   Until Plaintiff receives Defendant's discovery responses and an analysis of the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify all responsive documents.

k.   The hiring of counsel by Global regarding representation related to the matters alleged in the Complaint.

**OBJECTION:**

26

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Plaintiff will stand on her Objections.

6.      All Documents and Communications that comprise the documents You contend that Brent Yessin reviewed, surveyed, or copied as alleged in paragraph 16 of the Am. Complaint ("Defendant intercepted and surveilled [sic] Plaintiff's privileged correspondence with her counsel regarding her strategy in the divorce and what she would accept as settlement.").

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects on the grounds that this request is premature. Plaintiff further objects on the ground that this Request seeks information in the possession, custody or control of Defendant.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control. Plaintiff will not produce any documents that are protected by the attorney-client privilege or attorney work-product doctrine that Defendant accessed or reviewed until a Protective Order is entered by the Court. Until Plaintiff receives Defendant's discovery

responses and an analysis of the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify all responsive documents.

7.      All Documents and Communications that comprise, refer or relate to your divorce strategy or settlement of your divorce.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control. Plaintiff will not produce any documents that are protected by the attorney-client privilege or attorney work-product doctrine that Defendant accessed or reviewed until a Protective Order is entered by the Court. Until Plaintiff receives Defendant's discovery responses and an analysis of the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify all responsive documents.

8.      All Documents that comprise, refer or relate to Global's procedures, policies and methods of maintaining confidentiality of information or data contained in its computer system.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states that it does not have a written policy, but all authorized users have email accounts, user-names and passwords. Defendant was not an authorized user.

9.    All Documents that comprise, refer or relate to Global's procedures, policies and methods of authorizing access to its email and computer system, including but not limited to transmittal and use of user account and passwords.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff states that it does not have a written policy, but all authorized users have email accounts, user-names and passwords. Defendant was not an authorized user.

10.    All Documents referring or relating to Global's:

a.   Articles of Organization

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

      b.  Annual Reports

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

      c.  Minutes of Member or Manager meetings

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

      d.   Written consents in lieu of Member or Manager meetings,

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

      e.   Notice to Members or Managers of meetings or actions taken by the Members or Managers,

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

31

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

      f.   Membership ledger,

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

     11.    All Documents comprising, referring to or relating to the consent "in writing to the filing and prosecution of this action . . ." as alleged in Paragraph 12 of the Am. Complaint.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

32

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

12.    All Documents comprising, referring to or relating to providing notice to Brent Yessin of the Global Members' consent to the filing and prosecution of this action.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

13.    All Documents comprising, referring to or relating to the consent of the Global Members to remove Brent Yessin as a Manager and provide him notice, as alleged in paragraph 12 of the Am. Complaint.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

14.     All Documents referring to or relating to any amendments or modifications (proposed or actual) to Global's Articles of Organization or Annual Reports.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

15.     All communications by Global to its members.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further

objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Plaintiff will stand on her Objections.

16.     All Documents referring or relating to the duties and responsibilities of Members, Managers, Katherine Yessin, Jeffrey C. Weiss or Brent Yessin.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

17.     All Documents referring or relating to communications between You and Jeffrey C. Weiss regarding:

        a.   The matters at issue in this lawsuit, including the alleged surveillance by Brent Yessin of Katherine Yessin's emails;

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further

objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.  Plaintiff further objects on the ground that this Request seeks documents in the possession, custody or control of Defendant.

**RESPONSE:**

Plaintiff will stand on her Objections.

b.  Your divorce;

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Plaintiff will stand on her Objections.

c.  Any lawsuit initiated by Jeffrey Weiss; and

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Plaintiff will stand on her Objections.

     d.  Brent Yessin.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Plaintiff will stand on her Objections.

18.    All Documents comprising, referring or relating to any agreement between You and Global or Jeffrey Weiss.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Plaintiff will stand on her Objections.

19.    All Documents referring or relating to draft or signed Operating Agreements between the Members of Global.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

20.     All Documents referring or relating to communications by You with anyone about the subject of this lawsuit, or the fact that this lawsuit has been filed.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.   Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Plaintiff stands on her Objections.

21.     All press releases prepared or delivered to the media for publication regarding this lawsuit.

**OBJECTION:**

38

**RESPONSE**:

Subject to, and without waiving, the general objections set forth above, Plaintiff states that she does not have possession, custody or control of any such documents.

22.    All Documents referring or relating to any loan or contribution or infusion of money or capital made by You or Brent Yessin or Jeffrey Weiss to Global.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome. Plaintiff further objects on the ground that this Request seeks documents in the possession, custody or control of Defendant.

**RESPONSE:**

Plaintiff stands on her Objections.

23.    All Documents referring or related to Your alleged damages.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.    Plaintiff further objects on the grounds that this request is premature.  Plaintiff further objects on the ground that this Request seeks information in the possession, custody or control of Defendant.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control. Plaintiff will not produce any documents that are protected by the attorney-client privilege or attorney work-product doctrine that Defendant accessed or reviewed until a Protective Order is entered by the Court. Until Plaintiff receives Defendant's discovery responses and an analysis of the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify all responsive documents.

24. All Documents sufficient to describe the duties and/or responsibilities associated with the work Katherine Yessin, Jeffery Weiss, Bren Yessin or any other employee or agent of Global has been, are, and will be performing for Global.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

25. All Documents (including calendars) evidencing meetings of the Members or Managers of Global.

**OBJECTION:**

40

Plaintiff objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

26.    All Documents sufficient to evidence Global's actions, policies or procedures to protect and maintain the confidential and proprietary nature of its trade secrets, software, documents, communications and services.

**OBJECTION**:

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff further objects to this Request on the ground that it is overbroad.

**RESPONSE**:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

27.    All Documents evidencing any interference or disruption of Global's computer system in the past year.

**OBJECTION**:

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.  Plaintiff further

objects on the grounds that this request is premature. Plaintiff further objects on the ground that this Request seeks information in the possession, custody or control of Defendant.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

28.   All Documents evidencing any intercept of Global's email communications by any source in the past year.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects on the grounds that this request is premature. Plaintiff further objects on the ground that this Request seeks information in the possession, custody or control of Defendant.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control. Plaintiff will not produce any documents that are protected by the attorney-client privilege or attorney work-product doctrine that Defendant accessed or reviewed until a Protective Order is entered by the Court. Until Plaintiff receives Defendant's discovery responses and an analysis of the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify all responsive documents.

29.   All reports, analysis, summaries or statements by investigators, employees or third party vendors of any analysis, investigation or review of Global's computer system in the past year.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information.   Plaintiff objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

30.   All Documents evidencing receipts in excess of $5,000 that allegedly reflect costs incurred by You in attempting to correct and remediate Brent Yessin's alleged unlawful interception and surveillance.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

Dated: October 29, 2009                         Respectfully Submitted,

**KATHERINE FRIESS YESSIN**
By Counsel

Bernard J. DiMuro, Esq.
Virginia State Bar # 18784
Stephen L. Neal, Jr., Esq. (*pro hac vice*)
Stacey Rose Harris, Esq.
Virginia State Bar #65887
*Counsel for Plaintiff Katherine Friess Yessin*
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
E-Mails: bdimuro@dimuro.com;
sneal@dimuro.com; sharris@dimuro.com

## VERIFICATION

Under penalty of perjury, I swear and affirm that the foregoing Interrogatory

Responses are true and correct to the best of my knowledge, information and belief.

_____
Katherine Friess Yessin

10-29-09
_____
October 29, 2009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by e-mail this 29th day of October, 2009 to the following counsel of record:

Charles M. Sims, Esq.
*Counsel for Defendants*
LeClairRyan
951 East Byrd Street, 8th Floor
Richmond, VA 23219
Phone: (804) 343-5091
Fax: (804) 783-7655
Email: charles.sims@leclairryan.com;

C. Matthew Haynes, Esq.
*Counsel for Defendants*
LeClairRyan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Phone: (703) 647-5919
Fax: (703) 647-5989
Email: matthew.haynes@leclair.com

_____
Bernard J. DiMuro, Esq.
Virginia State Bar # 18784
Stephen L. Neal, Jr., Esq. (*pro hac vice*)
Stacey Rose Harris, Esq.
Virginia State Bar #65887
*Counsel for Plaintiff Katherine Friess Yessin*
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
E-Mails: bdimuro@dimuro.com;
sneal@dimuro.com; sharris@dimuro.com