IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| GLOBAL POLICY PARTNERS, LLC *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 1:09CV859<br>) TSE-TRJ |
| v. | )<br>) |
| BRENT YESSIN *et al.*, | )<br>)<br>)<br>) |
| Defendants. | ) |

### GLOBAL POLICY PARTNERS, LLC'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Global Policy Partners, LLC ("GPP" or "Plaintiff"), by and through its undersigned counsel, submits its Objections and Responses to Defendant's Second Set of Interrogatories (the "Interrogatories") and Document Requests (the "Requests") as follows:

### GENERAL OBJECTIONS

1. Plaintiff objects to the Interrogatories and Requests on the ground that they may seek production of attorney-client privileged or other privileged information and/or attorney work-product.

2. Plaintiff objects to the Interrogatories and Requests to the extent they purport to exceed the scope and/or requirements of Fed. R. Civ. P. 33 & 34.



EXHIBIT 19

## SPECIFIC OBJECTIONS TO INTERROGATORIES

20. Describe in detail the computers and servers (particularly the "GPP network server" referred to in paragraph 2 of the Amended Complaint, and the "GPP computer system and/or network" referred to in paragraph 11 of the Amended Complaint) that comprise your computer infrastructure, including, but not limited to, the number of servers and their functions, the number of desktop computers and the number of laptop and portable devices.

### ANSWER:

Subject to, and without waiving, the general objections set forth above, GPP states: The "GPP network server" referred to in paragraph 2 is the server used and/owned by GoDaddy.com, the company through which GPP's former IT manager, Jon Hageman, established the GPP email system. The GPP email system, during the time relevant to the Complaint, was run not in-house by GPP, but through facilities used and/or owned by GoDaddy.com. GPP does not know how many servers GoDaddy owns or uses, nor does it know how many computers comprise any of its server(s).

The "GPP computer system and/or network" referred to in paragraph 11 refers to the GPP network server discussed above, as well as any other files and programs that enabled anyone possessing a GPP email account to send and receive emails and documents from that account.

21. Identify each computer, server and/or electronic device that custodians have stored data relevant to this litigation, including, but not limited to, servers, desk top computers, external hard drives, laptop computers, blackberries, cell phones and voice mail systems.

**OBJECTION:**

Plaintiff objects to this Request on the ground that the phrase "data relevant to this litigation" is vague. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**ANSWER:**

Subject to, and without waiving, the general and specific objections set forth above, GPP states:

1. Any computers comprising GPP's network server as described in Answer to Interrogatory No. 2

2. Katherine Friess Yessin's IBM Thinkpad Computer, which is owned by GPP, and iPhone, which is owned by her personally.

3. Jeffrey Weiss' laptop computer.


22. State the facts upon which you base your allegation that Brent Yessin conducted surveillance of or read Katherine Yessin's emails "with intent to defraud," as set forth in paragraphs 43 and 45 of the Amended Complaint.

**ANSWER:**

Subject to, and without waiving, the general objections set forth above, GPP states: Based upon statements made to Katherine Friess Yessin by various business contacts, she

learned that Defendant was attempting to destroy business relationships and new business opportunities, as well as steal GPP by filing fraudulent annual reports with the Florida Department of State, and falsely stating in the Washington Post that he in fact owns GPP, thereby diminishing the value of GPP and creating distrust among clients, former clients who may return to GPP, and potential clients.

23. State the facts upon which you rely for the assertion that Brent Yessin's access to Katherine Yessin's email furthered the intended fraud.

### ANSWER:

Subject to, and without waiving, the general objections set forth above, GPP states: Defendant accessed confidential information related to GPP clients by his illegal surveillance of Plaintiffs' email, stole their email addresses, and contacted these clients in an attempt to steal their business, destroy Plaintiffs, and prevent Katherine Friess Yessin from developing new business.

### SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

1. All Documents identified in response to or referred to in order to respond to Interrogatory Nos. 20-23.

### RESPONSE:

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control. Until Plaintiff receives Defendant's discovery responses and an analysis of

the results of the computer forensic analysis being performed on his computer, Plaintiff cannot identify all responsive documents.

2.   All Documents related to the purchase of any computer, server or any component of the GPP computer system and/or network, referred to in paragraph 11 of the Amended Complaint.

**OBJECTION:**

Plaintiff objects to the production of the documents related to the purchase of any computer of the GPP computer system and/or network is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

3.   All Documents regarding your policies, procedures, and schedules for your computer systems and electronically stored information, including but not limited to the following:

    a. Backup;

    b. Retention;

    c. Employee, Manager, Member use of computers and technology;

    d. Employee, Manager, Member access to Global Policy Partner's computers and technology;

    e. Storage;

    f. E--mail;

    g. Security protocols;

    h. Telephones;

    i. Equipment and Software replacement and upgrades;

    j. Removable media;

    k. Internet; and

    l. File naming conventions and standard.

**OBJECTION:**

Plaintiff objects to the entirety of this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

4. All Documents regarding notices or litigation hold letters or requests and all steps taken to preserve information stored in the GPP computer system and/or network referred to in paragraph 11 of the Amended Complaint.

**OBJECTION:**

6

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

5. All Documents and Communications between You and any outside or third-party computer specialist or information technology specialist, computer service provider, web based service provide, email service provider.

**OBJECTION:**

Plaintiff objects to this Request to the extent it seeks confidential business information relevant to current accounts and passwords. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

6. All Documents referring or relating to communications with E. Ashley McRae, Esq. or Jon Hageman.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

7. All Documents regarding invoices received from or payments made to any person in connection with service provided to Global Policy Partner for email, web page, computer system, or computer server, or the GPP computer system and/or network" referred to in paragraph 11 of the Amended Complaint.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

8. All Documents regarding the purchase by Global Policy Partners of internet service, email service, web hosting, computers, computer systems or servers, or any component of the "GPP computer system and/or network" referred to in the paragraph 11 of the Amended Complaint.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

9. All Documents regarding the purchase by anyone of internet service, email service, web hosting, computers, computer systems or servers for Global Policy Partners.

**OBJECTION:**

Plaintiff objects to this Request on the ground that it may seek production of attorney-client privileged information or documents and/or attorney work-product. Plaintiff further objects to this Request on the ground that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the ground that it is overbroad and unduly burdensome.

**RESPONSE:**

Subject to, and without waiving, the general and specific objections set forth above, Plaintiff will produce any responsive, non-privileged documents within Plaintiff's possession, custody or control.

Dated: November 10, 2009

Respectfully Submitted,
GLOBAL POLICY PARTNERS, LLC
By Counsel

*/s/ Stacey Rose Harris*
Bernard J. DiMuro, Esq. (VA State Bar # 18784)
Stephen L. Neal, Jr., Esq. (*pro hac vice*)
Stacey Rose Harris, Esq. (VA State Bar #65887)
Stephen J. Stine, Esq. (VA State Bar #66738)
*Counsel for Plaintiff Global Policy Partners, LLC*
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
E-Mails: bdimuro@dimuro.com;
sneal@dimuro.com; sharris@dimuro.com;
sstine@dimuro.com

## VERIFICATION

Under penalty of perjury, I swear and affirm that the foregoing Interrogatory Responses are true and correct to the best of my knowledge, information and belief.

_____         11-10-09
Katherine Friess Yessin                           November 10, 2009
On behalf of Global Policy Partners, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Plaintiff GPP's Objections to Defendant's Second Set of Interrogatories and Requests for Production of Documents was served by e-mail this 10th day of November, 2009 to the following counsel of record:

Charles M. Sims, Esq.
*Counsel for Defendants*
LeClairRyan
951 East Byrd Street, 8th Floor
Richmond, VA 23219
Phone: (804) 343-5091
Fax: (804) 783-7655
Email: charles.sims@leclairryan.com;

C. Matthew Haynes, Esq.
*Counsel for Defendants*
LeClairRyan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
Phone: (703) 647-5919
Fax: (703) 647-5989
Email: matthew.haynes@leclair.com

/s/ Stacey Rose Harris
Bernard J. DiMuro, Esq. (VA State Bar # 18784)
Stephen L. Neal, Jr., Esq. (*pro hac vice*)
Stacey Rose Harris, Esq. (VA State Bar #65887)
Stephen J. Stine, Esq. (VA State Bar #66738)
*Counsel for Plaintiff Global Policy Partners, LLC*
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
Phone: (703) 684-4333
Fax: (703) 548-3181
E-Mails: bdimuro@dimuro.com;
sneal@dimuro.com; sharris@dimuro.com;
sstine@dimuro.com