IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED FEB 18 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

| | |
|---|---|
| GLOBAL POLICY PARTNERS, et al., )<br>   Plaintiffs, )<br>)<br>v. )<br>)<br>BRENT YESSIN, )<br>   Defendant. ) | No. 1:09cv859 |

## ORDER

The matter came before the Court on the parties' *in limine* motions to exclude evidence from trial (Docket Nos. 125 & 137).

For reasons stated from the bench, and for good cause,

It is hereby **ORDERED** that defendant's motion *in limine* to exclude evidence of defendant's alleged access of other e-mail accounts is **GRANTED IN PART** and **DENIED IN PART**. Specifically, evidence concerning defendant's access to e-mail accounts belonging to plaintiff Katherine Friess Yessin ("Ms. Friess"), other than her "Katherine@gppwashington.com" e-mail account, prior to the date of their separation, is **EXCLUDED** pursuant to Rules 401 and 403, Fed. R. Evid. Moreover, evidence concerning defendant's access to those accounts subsequent to their separation is **ADMISSIBLE** for the limited purpose of proving defendant's state of mind in order to establish entitlement to punitive damages.

It is further **ORDERED** that defendant's motion *in limine* to exclude evidence of defendant's e-mail communication with Lalit and Rohini Mattu is **GRANTED IN PART AND DEFERRED IN PART**. Accordingly, decision on this motion is **DEFERRED** with respect to

whether plaintiffs may raise this evidence for an impeachment purpose. Before using this evidence for an impeachment purpose or otherwise raising the issue at trial, plaintiffs are **DIRECTED** to approach the bench. Evidence of this communication is **EXCLUDED** in all other respects pursuant to Rules 401 and 403, Fed. R. Evid.

It is further **ORDERED** that defendant's motion *in limine* to exclude evidence of the reasons for the divorce between defendant and Ms. Friess is **DENIED AS MOOT** on plaintiffs' representation that they will not refer to this evidence at trial.

It is further **ORDERED** that defendant's motion *in limine* to exclude evidence relating to Juleanna Glover is **GRANTED IN PART AND DENIED IN PART**. Accordingly, plaintiffs may not refer to Ms. Glover or to plaintiffs' lawsuit against Ms. Glover in any way, except that plaintiffs may ask defendant on cross-examination whether he knew during the relevant times that unauthorized access to e-mail communications was a violation of the Stored Communications Act.

It is further **ORDERED** that plaintiffs' motion *in limine* to exclude (i) evidence of whether defendant was the sole manager, of Global Policy Partners, LLC, (ii) evidence concerning the operating agreement allegedly executed by defendant, (iii) evidence that defendant loaned money to Global Policy Partners, LLC, and (iv) evidence that Ms. Friess stored her e-mail account password on defendant's computer is **DENIED IN PART AND DEFERRED IN PART**. Accordingly, this evidence is **ADMISSIBLE** for the limited purpose of proving defendant's state of mind in order to establish entitlement to punitive damages. Whether this evidence is admissible to prove that defendant was authorized to access the stored communications in issue is **DEFERRED** pending resolution of the threshold question whether

defendant was the sole manager of Global Policy Partners, LLC.

It is further **ORDERED** that plaintiffs' motion *in limine* to exclude evidence of whether Global Policy Partners, LLC is a valid plaintiff in this case is **GRANTED**. Accordingly, evidence probative only of that issue, and not relevant to any other material issue for trial, is **EXCLUDED** pursuant to Rules 401 and 403, Fed. R. Evid.

It is further **ORDERED** that defendant is **DIRECTED** to file a memorandum concerning whether defendant is the sole manager of Global Policy Partners, LLC, by 5:00 p.m., Wednesday, March 3, 2010.

It is further **ORDERED** that plaintiffs are **DIRECTED** to file any response to defendant's memorandum concerning whether defendant is the sole manager of Global Policy Partners, LLC, by 5:00 p.m., Friday, March 19, 2010.

It is further **ORDERED** that a jury trial in this matter is **SCHEDULED** for 10:00 a.m., Tuesday, March 30, 2010.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
February 18, 2010

/s/
**T. S. Ellis, III**
**United States District Judge**